## ● ORIGINAL ●

FILED

08 APR 28  PM 3: 33

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

gms
DEPUTY

1   WRIGHT & L'ESTRANGE
John H. L'Estrange, Jr. (Bar No. 049594)
2   jlestrange@wllawsd.com
401 West A Street, Suite 2250
3   San Diego, CA  92101-8103
Phone (619) 231-4844
4   Fax    (619) 231-6710

5   KELLEY DRYE & WARREN LLP
Donna L. Wilson (Bar No. 186984)
6   Marla H. Kanemitsu (Bar No. 220703)
Veronica D. Gray (Will Apply Pro Hac Vice)
7   3050 K Street, NW, Suite 400
Washington, DC  20007
8   Phone (202) 342-8400
Fax (202) 342-8451
9

10  Attorneys for Defendant
LERNER NEW YORK, INC., IMPROPERLY
11  PLEADED AS NEW YORK & COMPANY INC.

12              **UNITED STATES DISTRICT COURT**
13             **SOUTHERN DISTRICT OF CALIFORNIA**

14                                                    **'08 CV 766  LAB NLS**

LESLIE JOHNSON, on behalf of herself
15  and all others similarly situated,

CASE NO.:
16              Plaintiff,

17      v.                                       **NOTICE OF REMOVAL OF ACTION TO**
                                                 **FEDERAL COURT**
18  NEW YORK & COMPANY INC., a
Delaware corporation; and DOES 1
19  through 50, inclusive,

20              Defendants.

21

22          TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND

23  THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE that Defendant Lerner New York, Inc., improperly

25  pleaded as "New York & Company Inc." ("Lerner"), pursuant to 28 U.S.C. § 1441 *et seq.*, hereby

26  removes this action to the United States District Court for the Southern District of California, and

27  in support thereof, respectfully shows the Court as follows:

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC  20007

C:\NY&CO.REMOVALNOTICE.DOC

## STATEMENT OF THE CASE

1.     Plaintiff, in an action filed in San Diego County Superior Court styled *Johnson v. New York and Company Inc., et al.*, Case No. 37-2008-000080567-CU-BT-CTL, seeks to certify a putative class consisting of "all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction." Compl. ¶ 22. [1]

2.     Plaintiff seeks, on behalf of herself and each purported class member, statutory penalties; general, special, and exemplary/punitive damages; fluid or *cy pres* recovery; injunctive relief; and attorneys' fees and costs. *See* Compl., "Prayer for Relief."

3.     This action was filed on March 25, 2008, and the complaint was served on March 28, 2008.    This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b).    Lerner has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## THE REQUIREMENTS FOR REMOVAL
## UNDER CAFA ARE SATISFIED

4.     **Class Action.**  This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B).  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ." 28 U.S.C. § 1332(d)(1)(B).  Plaintiff styles her complaint a "class action" pursuant to California Code of Civil Procedure section 382, and alleges that she brings her lawsuit on behalf of a "Class." Compl. ¶¶ 8, 22.

5.     **Diversity of Citizenship.**  At the time this lawsuit was filed and as of the date of this notice, Lerner was and is a Delaware corporation with its principal place of business

---

[1]     A copy of the complaint is annexed hereto as Exhibit A, along with a copy of all other process, pleadings, and orders served upon Lerner in the state court action.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 2 -

1  in New York.  At the time of the filing of this action and as of the date of this notice, the named

2  Plaintiff, Leslie Johnson, was a resident and citizen of California.  *See id.* ¶ 7.  Because at least

3  one member of the proposed class is from a state other than Delaware or New York, the diversity

4  requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

5        6.  **Amount in Controversy.**  The amount in controversy in this matter

6  exceeds the sum or value of $5,000,000, exclusive of interest and costs, satisfying the amount in

7  controversy requirement of 28 U.S.C. § 1332(d)(2).  The Complaint seeks relief that includes:

8        (1)  Statutory penalties under the Song-Beverly Credit Card Act to

9  Plaintiff and members of the putative class in the amount of up to $1,000 per each violation of the

10  statute;

11        (2)  General and special damages;

12        (3)  Exemplary or punitive damages;

13        (2)  Fluid or *cy pres* recovery "where necessary to prevent Defendant

14  from retaining the benefits of its wrongful conduct";

15        (3)  Injunctive relief; and

16        (4)  Attorneys' fees and costs.

17  *See* Compl., "Prayer for Relief."

18        Section 1747.08 of the Song-Beverly Credit Card Act provides for statutory

19  penalties of up to $1,000 per violation, and Plaintiff expressly seeks up to $1,000 in such civil

20  penalties per violation for each class member.  Compl. ¶¶ 29-34 (*citing* CAL. CIV. CODE

21  § 1748.08(e)).  Plaintiff alleges that "[i]t is and was Defendant's routine business practice to

22  intentionally engage in the conduct [allegedly constituting a violation of the statute] with respect

23  to *every* person who, while using a credit card, purchases any product from any of Defendant's

24  stores in the State of California."  Compl. ¶ 33 (emphasis added).  As set forth in the

25  accompanying declaration, Lerner annually processes well over 5,001 customer credit card

26  transactions in California.  *See* Decl. of Charles Woodworth ¶ 3 (filed separately).  Therefore,

27  potential statutory penalties alone in this case exceed the $5,000,000 amount in controversy

28  requirement of CAFA.  *See* 28 U.S.C. § 1332(d)(2).

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-

- 3 -

1    Plaintiff also seeks general and special damages, exemplary or punitive damages,

2    injunctive relief, and attorneys' fees under common law and Section 17200 of California's

3    Business and Professions Code. *See* Compl., "Prayer for Relief."  Given these requests for

4    additional relief and Plaintiff's allegations, the amount in controversy well exceeds $5,000,000 in

5    the aggregate, and, consequently, this Court has jurisdiction under CAFA.  Indeed, in other

6    putative class actions brought under section 1747.08 of the Song-Beverly Credit Card Act, the

7    defendant removed the case to federal court and prevailed on a motion to remand. *See Romeo v.*

8    *Home Depot USA Inc.,* No. 06CV1505 IEG (BLM), 2007 WL 3047105 (S.D. Cal. Oct. 16, 2007)

9    (Order Denying Plaintiffs' Motion to Remand); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.

10   2d 1199 (E.D. Cal. 2008); *Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL

11   5074883 (C.D. Cal. Dec. 26, 2007).

12    7.    **Number of Proposed Class Members.**  Lerner believes in good faith that,

13   as alleged, the putative class exceeds 100 members.  Plaintiff alleges that the purported classes

14   would encompass any consumer from whom Lerner requested and recorded personal

15   identification information in connection with a credit card transaction in a California Lerner store

16   over the last year and therefore would be so numerous that joinder of all members would be

17   impracticable. *See* Compl. ¶¶ 22-23.  Plaintiff alleges that Lerner requests and records personal

18   information in connection with credit card transactions as part of an "Information Capture

19   Policy." *Id.* ¶¶ 2, 32, 47.  Plaintiff also alleges that "*on each and every day* during the one-year

20   period preceding the filing of the [Complaint] through the present, Defendant utilized, and

21   continues to utilize [this policy] whereby [Defendant] both [requests and records customers'

22   personal information]" with respect to every person who uses a credit card to purchase any

23   product from any of Defendant's stores in the state of California. *Id.* ¶32 (emphasis added).

24   Plaintiff further alleges that "[i]t is and was Defendant's routine business practice to intentionally

25   engage in the conduct described in this cause of action with respect to *every* person who, while

26   using a credit card, purchases any product from any of Defendant's stores in the State of

27   California." *Id.* ¶ 33 (emphasis added).  The putative class members, as alleged by Plaintiff,

28   number more than 100 persons.  Accordingly, the action satisfies the requirement of 28 U.S.C. §

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 4 -

1  1332(d)(5).

2          8.      **Timeliness.**  This removal notice is timely filed as required by 28 U.S.C.

3  § 1446(b).  Lerner was served with the Complaint on March 28, 2008 and files this notice within

4  thirty days after receipt thereof.

5          9.      **Exceptions Do Not Apply.**  The exceptions to removal under 28 U.S.C.

6  §§ 1332(d) and 1446 do not apply.

7

8                    **THE OTHER PROCEDURAL REQUISITES**
                     **FOR REMOVAL ARE SATISFIED**

9          10.     Lerner has complied with 28 U.S.C. §§ 1446(a) and (d).  Under 28 U.S.C.

10  § 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state

11  court or served on Lerner in the state court are annexed hereto as Exhibit A.  Pursuant to

12  28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal annexed

13  thereto, has been filed with the clerk of the Superior Court of the State of California, County of

14  San Diego, Case No. 37-2008-000080567-CU-BT-CTL, and Lerner has served a notice of filing

15  of removal, with a copy of this notice of removal annexed thereto, on Plaintiff's attorneys.

16  Copies of the notice of filing of removal and accompanying certificate of service to Plaintiff and

17  the Superior Court of the State of California, County of San Diego, are annexed hereto as Exhibit

18  B. (For the Court's convenience, the exhibit to the notice of filing of removal, which is a copy of

19  this notice, is not attached.  Defendant will provide it upon request.)

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

## CONCLUSION

By this notice and attachments, defendant Lerner does not waive any objections it may have as to improper service, jurisdiction, venue, or any other defenses or objections to this action. Lerner intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Lerner prays that this action be removed to this Court, that all further proceedings in the state court suit be stayed, and that Lerner obtain all additional relief to which it is entitled.

Dated: April 28, 2008

Respectfully submitted,

WRIGHT & L'ESTRANGE

By: _____
John H. L'Estrange, Jr.

KELLEY DRYE & WARREN LLP
Donna L. Wilson
Marla H. Kanemitsu
Veronica D. Gray

Attorneys for Defendant
LERNER NEW YORK, INC., IMPROPERLY
PLEADED AS NEW YORK & COMPANY,
INC.

///

///

///

///

///

///

///

///

///

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 6 -

INDEX TO EXHIBITS

EXHIBIT A:  Complaint.     Begins on Page 1.

EXHIBIT B:  Notice of Filing of Removal.     Begins on Page 15

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

1   James M. Lindsay, State Bar No. 164758
    Gene J. Stonebarger, State Bar No. 209461
    Richard D. Lambert, State Bar No. 251148
2   LINDSAY & STONEBARGER
    A Professional Corporation
3   620 Coolidge Drive, Suite 225
    Folsom, CA 95630
4   Telephone: (916) 294-0002
    Facsimile: (916) 294-0012
5

6   James R. Patterson, State Bar No. 211102
    Cary A. Kinkead, State Bar No. 216545
7   HARRISON PATTERSON & O'CONNOR LLP
    402 West Broadway, Suite 1905
8   San Diego, CA 92101
    Telephone: (619) 756-6990
9   Facsimile: (619) 756-6991

10   Attorneys for Plaintiffs and the Class

CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 MAR 25  A 9: 35

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

12      **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

14   LESLIE JOHNSON, on behalf of herself and )   CASE NO. 37-2008-00080567-CU-BT-CTL
15   all others similarly situated,              )
                             )   **CLASS ACTION**
16                  Plaintiffs,    )
                             )   **COMPLAINT FOR CIVIL PENALTIES,**
17   vs.                           )   **DAMAGES, AND INJUNCTIVE RELIEF**
                             )   **[CIVIL CODE § 1747.08; BUSINESS AND**
18   NEW YORK & COMPANY, INC., a      )   **PROFESSIONS CODE § 17200; AND**
    Delaware corporation; and DOES 1 through )   **INVASION OF PRIVACY]**
19   50, inclusive,                   )
                             )   **DEMAND FOR JURY TRIAL**
20                 Defendants.    )
                             )
21                                 )

23      Plaintiff Leslie Johnson, on behalf of herself and all others similarly situated, complains

24 and alleges upon information and belief based, among other things, upon the investigation made

25 by Plaintiff by and through her attorneys as follows:

26   / / /

27   / / /

28   / / /

*HARRISON PATTERSON & O'CONNOR LLP*
*402 West Broadway*
*Suite 1905*
*San Diego, CA 92101*

1

**CLASS ACTION COMPLAINT**

**EXHIBIT A**
**PAGE 1**

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

# I.

## INTRODUCTION

1.     California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or otherwise records upon the credit card transaction form or otherwise.[1]

2.     Defendant operates retail stores throughout the United States, including California. Defendant is engaging in a pattern of unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record credit card numbers and telephone numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein alleged were at all times intentional.

3.     This action arises from Defendant's violations of California Civil Code section 1747.08, Business and Professions Code section 17200 and/or invasion of privacy, by and through Defendant's requesting and recording of Plaintiff's and the Class members' credit card numbers and telephone numbers during the point-of-sale process at Defendant's retail establishments. Upon receipt of this information, Defendant uses the telephone number obtained from the cardholder to acquire additional personal information belonging to Plaintiff and the Class members, including their physical residential addresses. Such conduct is performed

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 2

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

1    intentionally without the consent of Plaintiff and the Class members.

2        4.        Plaintiff does not seek ay relief greater than or different from the relief sought for

3    the Class of which Plaintiff is a member.  The action, if successful, will enforce an important

4    right affecting the public interest and would confer a significant benefit, whether pecuniary or

5    non-pecuniary, on a large class of persons.  Private enforcement is necessary and places a

6    disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

7                                              **II.**

8                          **JURISDICTION AND VENUE**

9        5.        Defendant does business in the State of California, and in the County of San

10   Diego.  Defendant has accepted credit cards for the transaction of business throughout

11   California, including the County of San Diego, which has caused both obligations and liability of

12   Defendant to arise in the County of San Diego.  Plaintiff Leslie Johnson resides in the County of

13   San Diego.

14       6.        The amount in controversy exceeds the jurisdictional minimum of this court.

15                                            **III.**

16                              **THE PARTIES**

17   **A.**    **Plaintiffs**

18       7.        Plaintiff Leslie Johnson (herein referred to as "Plaintiff") is a resident of San

19   Diego County, California.

20       8.        Plaintiff brings this class action against Defendant, pursuant to California Code of

21   Civil Procedure section 382, on behalf of herself and all persons in California from whom

22   Defendant requested and recorded personal identification information in conjunction with a

23   credit card transaction (herein referred to as the "Class").  Excluded from the Class are

24   Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in

25   which Defendant has a controlling interest, and the legal representatives, successors or assigns of

26   any such excluded persons or entities.

27   / / /

28   / / /

EXHIBIT A
PAGE 3

**B.    Defendant**

9.    Defendant New York & Company, Inc. (herein referred to as "Defendant"), is a Delaware corporation.  Defendant operates over 50 retail stores throughout California, including stores in San Diego County.

**C.    Doe Defendants**

10.    Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**D.    Agency/Aiding And Abetting**

11.    At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12.    Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**IV.**

**CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

13.    Within the last 12 months, Plaintiff went to Defendant's retail store located in San Diego, California.

/ / /

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

4

EXHIBIT A
PAGE 4

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

14.    Plaintiff entered Defendant's store and proceeded to select a product from the store that Plaintiff intended to purchase.

15.    After selecting an item, Plaintiff proceeded to the cashiers' station of Defendant's store to pay for the item selected through the use of a credit card.

16.    Defendant's employee saw that Plaintiff had selected a product that Plaintiff wished to purchase from Defendant, and Defendant's employee then proceeded to inform Plaintiff of the amounts due to Defendant for said product.  Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

17.    As part of Defendant's Information Capture Policy, Defendant's employee then requested personal identification information from Plaintiff in the form of Plaintiff's telephone number, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's telephone number.  Plaintiff, believing that she was required to provide her telephone number to complete the transaction, told Defendant's employee her telephone number.

18.    Defendant's employee then typed and recorded Plaintiff's telephone number into the same electronic cash register that previously recorded Plaintiff's credit card number.

19.    At this point in the transaction, Defendant has Plaintiff's credit card number and telephone number recorded into the same database.

20.    Defendant's employee then printed out and handed Plaintiff a credit card transaction form to sign.

21.    Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with her purchased item.

### V.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.    This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification

EXHIBIT A
PAGE 5

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

1   information in conjunction with a credit card transaction (the "Class"). Excluded from the Class

2   are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity

3   in which Defendant has a controlling interest, and the legal representatives, successors or assigns

4   of any such excluded persons or entities.

5        23.     The members of the Class are so numerous that joinder of all members is

6   impracticable. While the exact number of Class members is unknown to Plaintiff at this time,

7   such information can be ascertained through appropriate discovery, from records maintained by

8   Defendant and its agents.

9        24.     A class action is superior to other available methods for the fair and efficient

10  adjudication of this controversy because joinder of all members is impracticable, the likelihood

11  of individual Class members prosecuting separate claims is remote and individual Class

12  members do not have a significant interest in individually controlling the prosecution of separate

13  actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the

14  Class as a whole would be appropriate. Plaintiff knows of any difficulty to be encountered in the

15  management of this action which would preclude its maintenance as a class action.

16       25.     There is a well-defined community of interest among the members of the Class

17  because common questions of law and fact predominate, Plaintiff's claims are typical of the

18  members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

19       26.     Common questions of law and fact exist as to all members of the Class and

20  predominate over any questions affecting solely individual members of the Class. Among the

21  questions of law and fact common to the Class are:

22       a.     whether each Class member engaged in a credit card transaction with Defendant;

23       b.     whether Defendant requested the cardholder to provide personal identification

24  information and recorded the personal identification of the cardholder, during credit card

25  transactions with Class members;

26       c.     whether Defendant's conduct of requesting the cardholder to provide personal

27  identification information during credit card transactions and recording the personal

28  identification information of the cardholder constitutes violations of California Civil Code

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

1  section 1747.08;

2      d.      whether Plaintiffs and the Class are entitled to injunctive relief; and

3      e.      whether Plaintiffs and the Class have sustained damages, and the proper measure

4  of damages.

5      27.    Plaintiff's claims are typical of those of the other Class members because

6  Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

7  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

8  pursuant to California Civil Code section 1747.08(e).

9      28.    Plaintiff can fairly and adequately represent the interests of the Class, she has no

10  conflicts of interest with other Class members, and has retained counsel competent and

11  experienced in class action and civil litigation.

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF
CALIFORNIA CIVIL CODE § 1747.08
[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

14      29.    Plaintiff refers to and incorporates by reference as though set forth fully herein

15  paragraphs 1 through 28 of this Complaint.

16      30.    California Civil Code section 1747.08 prohibits any corporation, which accepts

17  credit cards for the transaction of business, from requesting the cardholder to provide personal

18  identification information which the corporation then records in conjunctions with a credit card

19  transaction.

20      31.    Defendant is a corporation that accepts credit cards for the transaction of business.

21      32.    During credit card transactions entered into at Defendant's stores on each and

22  every day during the one-year period preceding the filing of this class action complaint through

23  the present, Defendant utilized, and continues to utilize, an "Information Capture Policy"

24  whereby Defendant's cashiers both request and record telephone numbers and credit card

25  numbers from customers using credit cards at the point-of-sale in Defendant's retail

26  establishments.

27      33.    It is and was Defendant's routine business practice to intentionally engage in the

28  conduct described in this cause of action with respect to every person who, while using a credit

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

1    card, purchases any product from any of Defendant's stores in the State of California.

2         34.    Due to Defendant's violations as set forth herein, Plaintiff and the Class are

3    entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

4    pursuant to California Civil Code section 1747.08(e).

5         WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

6    **SECOND CAUSE OF ACTION FOR VIOLATIONS OF**

7    **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***

8         35.    Plaintiff refers to and incorporates by reference as though set forth fully herein

9    paragraphs 1 through 34 of this Complaint.

10         36.    During credit card transactions entered into at Defendant's stores on each and

11    every day during the four-year period preceding the filing of this class action complaint through

12    the present, Defendant wrongfully requested and recorded telephone numbers from Plaintiff and

13    members of the Class, as set forth above, and then intentionally used that information without

14    consent to acquire additional personal information belonging to Plaintiff and the Class Members,

15    including their physical addresses.

16         37.    After acquiring telephone numbers from Plaintiff and members of the Class at the

17    point of sale, Defendant utilized customized computer software to perform reverse searches from

18    "data warehousing" or "data mining" databases. These databases contain millions of names,

19    telephone numbers, e-mail addresses and residential addresses, and are indexed in a manner that

20    resembles a reverse telephone book. Essentially, Defendant's software matched the respective

21    Class member's now-known name and telephone number with said Class member's previously

22    unknown address, thereby covertly giving Defendant access to the Class members' names and

23    addresses, among other personal identification information.

24         38.    Defendant did not inform Class members (or any other customer) at the point of

25    sale that by providing the customer's telephone number, Defendant can then obtain the

26    consumer's home address and match the customer's name, address, and credit card number and

27    maintain the same in Defendant's database.

28    / / /

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

39.     As a result of Defendant's violation of California Civil Code section 1747.08, as set forth above, and Defendant's violation of California Business and Professions Code section 17200, as set forth below, Plaintiff and members of the Class have suffered an injury in fact by, among other things, having their personal information disseminated to others, and being exposed to identity theft.  Plaintiff and members of the Class have also lost money as a result of not receiving compensation for their home address information, and not receiving a proportional share of income derived by Defendant from having this information and using the information for commercial gain.  Finally, Plaintiff and members of the Class have lost property in that Defendant improperly took Plaintiff's and Class members' home address information, which is their property, without their express permission.

40.     Defendant's conduct in violating California Civil Code section 1747.08, as set forth above, violates California Business and Professions Code section 17200 in the following respects:

a.      Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes an unlawful business practice because Defendant's conduct violates California Civil Code section 1747.08;

b.      Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes an unfair business practice because Defendant's practice is unethical, unscrupulous, and substantially injurious to consumers.  The harm to Plaintiff, members of the Class, and to members of the general public, outweighs the utility, if any, of Defendant's policy and practice; and

c.      Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes a fraudulent business practice because Defendant's practice is likely to mislead Plaintiff, members of the Class, and members of the general public, by deceiving and leading consumers to believe, among other things, that consumers are obligated, in some manner, to provide their telephone numbers to Defendant.  Defendant's practice of obtaining telephone numbers from consumers is also deceptive in that consumers are not informed by Defendant that Defendant utilizes customized computer software to further obtain

1  the consumers' address information, among other personal information.

2      41.    Defendant's unlawful, unfair, and fraudulent business practices, as described

3  above, present a continuing threat to plaintiff, members of the class, and members of the public

4  in that Defendant continues to wrongfully request and record consumers' personal identification

5  information.  In addition, Defendant has been unjustly enriched as a result of its conduct.

6  Plaintiff, other members of the general public, and members of the Class have no other adequate

7  remedy of law in that absent equitable relief from the Court, as Defendant is likely to continue to

8  injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a

9  multiplicity of judicial proceedings.

10      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

11  **THIRD CAUSE OF ACTION**
**FOR INVASION OF PRIVACY**

12

13      42.    Plaintiff refers to and incorporates by reference as though set forth fully herein

14  paragraphs 1 through 41 of this Complaint.

15      43.    During credit card transactions entered into at Defendant's stores on each and

16  every day during the two-year period preceding the filing of this class action complaint through

17  the present, Defendant invaded Plaintiff's and the Class members' right to privacy by wrongfully

18  requesting and recording their personal identification information, as set forth above.

19      44.    The intrusion was offensive and objectionable to Plaintiff, the Class and to a

20  reasonable person of ordinary sensibilities in that the telephone number information that

21  Defendant obtains, is used by Defendant, without Plaintiff's and the Class members' knowledge,

22  in order to obtain their address information, all for the profit to Defendant.

23      45.    The intrusion was into a place or thing which was private and is entitled to be

24  private, in that Defendant does not need the consumers' personal identification information in

25  order to proceed with the credit card transaction.

26      46.    As a proximate result of Defendant's above acts, Plaintiff's and Class members'

27  addresses were viewed, printed, distributed, and used by Defendant for its own profit, all to the

28  general damage in an amount according to proof.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

EXHIBIT A
PAGE 10

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

47.    Defendant is guilty of oppression, fraud, or malice by obtaining personal identification information with a willful and conscious disregard of Plaintiff's and the Class members' right to privacy.  As evidenced by Defendant's ongoing "Information Capture Policy," Defendant's cashiers both request and record telephone numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments.  Defendant then performs a reverse search utilizing customized computer software, without the knowledge and consent of its consumers, to match the consumer's name and telephone number with the consumer's previously unknown addresses, thereby giving Defendant access to its consumers' addresses, all which is accomplished without the permission and knowledge of Plaintiff and the Class members.  This information is then maintained and used by Defendant for its own profit.

48.    Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiff, members of the Class, and members of the public great and irreparable injury in that the personal identification information maintained by Defendant can be viewed, printed, distributed, and sold by Defendant.  Plaintiff and members of the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy for Plaintiff, the Class, and the public.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## **PRAYER FOR RELIEF**

PLAINTIFF AND THE CLASS pray for judgment against Defendant as follows:

### **As to the First Cause of Action**

1.    That the Court award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

### **As to the Second Cause of Action**

2.    That the Court preliminarily and permanently enjoin Defendant from utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments;

/ / /

EXHIBIT A
PAGE 11

**As to the Third Cause of Action**

3.      That the Court preliminarily and permanently enjoin Defendant from utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments;

4.      For general damages according to proof;

5.      For special damages according to proof;

6.      For exemplary or punitive damages;

**As to All Causes of Action**

7.      That the Court certifies this action as a class action;

8.      For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

9.      For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

10.     For costs of the suit;

11.     For prejudgment interest at the legal rate;

12.     And for such other relief as the Court may deem proper.

Dated: March 24, 2008                        HARRISON PATTERSON & O'CONNOR LLP


By: _____
James R. Patterson
Attorneys for Plaintiff and the Class

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905
San Diego, CA 92101

12

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 12

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James R. Patterson SBN: 211102<br>HARRISON PATTERSON & O'CONNOR LLP<br>402 West Broadway, Ste. 1905<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-756-6990    FAX NO.: 619-756-6991<br>ATTORNEY FOR *(Name):* Plaintiff LESLIE JOHNSON | FILED<br>CIVIL BUSINESS OFFICE 9<br>CENTRAL DIVISION<br><br>2008 MAR 25  A  9: 35<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: LESLIE JOHNSON v. NEW YORK & COMPANY, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2008-00080567-CU-BT-CTL |
|---|---|---|---|---|
| ☒ Unlimited<br>Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount)<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | JUDGE:<br><br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☒ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   - a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

4. Number of causes of action *(specify):* 3

5. This case ☒ is ☒ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 25, 2008

James R. Patterson
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

EXHIBIT A
PAGE 14  Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | American Legal Net, Inc.<br>www.USCourtForms.com | Cal. Rules of Court, rules 201.8, 1800-1812;<br>Standards of Judicial Administration, § 19<br>*www.courtinfo.ca.gov* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:       330 West Broadway
MAILING ADDRESS:      330 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:          Central
TELEPHONE NUMBER: (619) 685-6147

PLAINTIFF(S) / PETITIONER(S):    Leslie Johnson

DEFENDANT(S) / RESPONDENT(S): New York & Company Inc

JOHNSON VS. NEW YORK & COMPANY INC

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER: 37-2008-00080567-CU-BT-CTL |
|---|---|

Judge: Judith F. Hayes                                          Department: C-68

COMPLAINT/PETITION FILED: 03/25/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                                          Page: 1

**NOTICE OF CASE ASSIGNMENT**

EXHIBIT A
PAGE 15

EXHIBIT B

1   WRIGHT & L'ESTRANGE
    John H. L'Estrange, Jr. (Bar No. 049594)
2   jlestrange@wllawsd.com
    401 West A Street, Suite 2250
3   San Diego, CA  92101-8103
    Phone (619) 231-4844
4   Fax     (619) 231-6710

5   KELLEY DRYE & WARREN LLP
    Donna L. Wilson (Bar No. 186984)
6   Marla H. Kanemitsu (Bar No. 220703)
    Veronica D. Gray
7   3050 K Street, NW, Suite 400
    Washington, DC  20007
8   Phone (202) 342-8400
    Fax (202) 342-8451
9
    Attorneys for Defendant
10  LERNER NEW YORK, INC., IMPROPERLY
    PLEADED AS NEW YORK & COMPANY INC.
11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                       COUNTY OF SAN DIEGO

14

15  LESLIE JOHNSON, on behalf of herself
    and all others similarly situated,
                                            CASE NO. 37-2008-00080567-CU-BT-CTL
16                   Plaintiff,

17         v.                               NOTICE OF FILING OF REMOVAL

18  NEW YORK & COMPANY INC., a              Complaint Filed:   March 25, 2008
    Delaware Corporation; and DOES 1        Trial Date:        None Set
19  through 50, inclusive,
                                            Assigned to Judge Judith F. Hayes
20                   Defendants.

21

22              TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND

23  THEIR ATTORNEYS OF RECORD:

24              PLEASE TAKE NOTICE that on April 28, 2008, Defendant Lerner New York,

25  Inc., improperly pleaded as New York & Company Inc., filed a Notice of Removal of Action to

26  Federal Court, pursuant to 28 U.S.C. § 1441 *et seq.*, in the above-captioned action removing this

27  action to the United States District Court for the Southern District of California.

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR, SUITE
400
3050 K STREET, NW
WASHINGTON DC 20007-5108

DC01/GRAYV/335481.1

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150244    — MB
* * C O P Y * *
April 28. 2008
15:46:41

Civ Fil Non-Pris
USAO #.: 08CV0766 CIVIL FILING
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC3093


Total—> $350.00


FROM: LESLIE JOHNSON VS
      NEW YORK & COMPANY INC

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

# ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Leslie Johnson

## DEFENDANTS

New York & Company, Inc.

FILED

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

'08 CV 766 LAB NLS

'08 CV 766 28 PH 3: 32

DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See Attachment 1

Attorneys (If Known)

See Attachment 2

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332 (d)(2), 1332 (d)(5)(B), 1453 (a), 1441, 1446

Brief description of cause:
Class action alleging violation of Song-Beverly Credit Card Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
Not Specified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE
04/28/2008

SIGNATURE OF ATTORNEY OF RECORD
_John H. Gomez_

FOR OFFICE USE ONLY

RECEIPT # 150244 AMOUNT $350.— APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04/28/08 TAB

ATTACHMENT 1 TO CIVIL CASE COVER SHEET

JOHNSON v. NEW YORK & COMPANY, INC.

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

**Attorneys for Plaintiff Leslie Johnson;**

James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
LINDSAY & STONEBARGER
A Professional Corporation
620 Coolidge Drive, Suite 225
Folsom, CA  956.3
Telephone: (916) 294-0002
Facsimile: (916)294-0012

James R. Patterson, State Bar No. 211102
Cary A. Kinkead, State Bar No. 216545
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, Suite 1905
San Diego, CA  92101
Telephone: (619) 756-6990
Facsimile: (619)756-6991

ATTACHMENT 2 TO CIVIL CASE COVER SHEET

JOHNSON v. NEW YORK & COMPANY, INC.

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

**Attorneys for Defendant POLO RALPH LAUREN CORP.:**

WRIGHT & L'ETRANGE
John H. L'Estrange, Jr., State Bar No. 049594
jlestrange@wllawsd.com
Joseph T. Ergastolo, State Bar No. 137807
jte@wllawsd.com
401 West A Street, Suite 2250
San Diego, CA  92101
Telephone: (619) 231-4844
Facsimile: (619) 231-6710


KELLEY DRYE & WARREN LLP
Donna L. Wilson, State Bar No. 186984
Marla H. Kanemitsu, State Bar No. 220703
Veronica D. Gray,
3050 K Street NW, Suite 400
Washington DC  20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451