1    WRIGHT & L'ESTRANGE
     John H. L'Estrange, Jr. (Bar No. 049594)
2    jlestrange@wllawsd.com
     401 West A Street, Suite 2250
3    San Diego, CA 92101-8103
     Phone (619) 231-4844
4    Fax    (619) 231-6710

5    KELLEY DRYE & WARREN LLP
     Donna L. Wilson (Bar No. 186984)
6    Marla H. Kanemitsu (Bar No. 220703)
     Veronica D. Gray (*Pro Hace Vice*)
7    3050 K Street, NW, Suite 400
     Washington, DC 20007
8    Phone (202) 342-8400
     Fax (202) 342-8451
9
     Attorneys for Defendant
10   LERNER NEW YORK, IMPROPERLY PLEADED
     AS NEW YORK & COMPANY, INC.
11

12                  **UNITED STATES DISTRICT COURT**
                  **SOUTHERN DISTRICT OF CALIFORNIA**
13

14
     LESLIE JOHNSON, on behalf of herself
15   and all others similarly  situated,          CASE NO.: 08-cv-766-LAB-NLS

16                    Plaintiff,
                                                  **MEMORANDUM OF POINTS AND**
17          v.                                    **AUTHORITIES IN SUPPORT OF**
                                                  **DEFENDANT'S MOTION TO DISMISS**
18   NEW YORK & COMPANY INC., a
     Delaware Corporation; and DOES 1             Date:       July 7, 2008
19   through 50, inclusive,                       Time:       11:15 am
                                                  Courtroom:  9
20                    Defendants.

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108          DC01/WILSDO/337066.2                    CASE NO: 08-CV-766 LAB NLS

1

# TABLE OF CONTENTS

2

Page

3  PRELIMINARY STATEMENT....................................................................................................... 1

4  BACKGROUND ............................................................................................................................ 2

   ARGUMENT ................................................................................................................................. 3

5  I.     LEGAL STANDARD ......................................................................................................... 3

6  II.    PLAINTIFF'S INVASION OF PRIVACY AND SECTION 17200 CLAIMS
          SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND/OR
7         LACK OF STANDING ...................................................................................................... 4

8                 A.    PLAINTIFF'S INVASION OF PRIVACY AND SECTION 17200
                        CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF
9                       FAILS TO ALLEGE A LEGALLY COGNIZABLE INJURY IN
                        FACT ........................................................................................................... 4

10                B.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
                        COMMON LAW INVASION OF PRIVACY ............................................ 8

11 III.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF
          SECTION 1747.08 OF THE SONG-BEVERLY CREDIT CARD ACT ......................... 10
12
   IV.    ALTERNATIVELY, PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE
13        STRICKEN ...................................................................................................................... 11

14 CONCLUSION ............................................................................................................................. 13

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC  20007

# TABLE OF AUTHORITIES

## CASES

Page

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983) ............................................................................. 4

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ..................................... 3, 4, 9, 10

*Bell v. Acxiom Corp.*, No. 4:06CV00485, 2006 WL 2850042 (E.D. Ark. Oct. 3, 2006) .............................................................................................................................. 5

*Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336 (9th Cir. 1996) ............................... 4

*Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223 (2006) ................... 4

*Deteresa v. American Broadcasting Cos., Inc.*, 121 F.3d 460 (9th Cir. 1997) ........ 9-10, 12

*Dietemann v. Time, Inc.*, 449 F.2d 245 (9th Cir. 1971) ..................................................... 9

*Dwyer v. American Express Co.*, 652 N.E.2d 1351 (Ill. App. Ct. 1995) ........................... 7

*Forbes v. Wells Fargo Bank, N.A.*, 420 F. Supp. 2d 1018 (D. Minn. 2006) ...................... 5

*General Telegraph Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) ............................ 11

*Giordano v. Wachovia Sec., LLC*, No. 06-476, 2006 WL 2177036 (D.N.J. July 31, 2006) .............................................................................................................................. 5

*Guin v. Brazos Higher Education Service Corp., Inc.*, No. 05-668, 2006 WL 288483 (D. Minn. Feb. 7, 2006) ...................................................................................... 5

*Intel Corp. v. Hamidi*, 30 Cal. 4th 1342 (2003) ............................................................... 6

*In re JetBlue Airways Corp. Privacy Litigation*, 379 F. Supp. 2d 299 (E.D.N.Y. 2005) .............................................................................................................................. 6

*Kahle v. Litton Loan Servicing LP*, 486 F. Supp. 2d 705 (S.D. Ohio 2007) ..................... 5

*Kamm v. Caifornia City Development Corp.*, 509 F.2d 205 (9th Cir. 1975) .................... 11

*Key v. DSW, Inc.*, 454 F. Supp. 2d 684 (D. Ohio 2006) .................................................... 5

*Miller v. Motorola, Inc.*, 76 F.R.D. 516 (D.C. Ill. 1977) ................................................ 11

*Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463 (Ct. App. 1986) ........ 8, 9, 10

*Montgomery v. Bank of America Corp.*, 515 F. Supp. 2d 1106 (C.D. Cal. 2007) .............. 4

*Nader v. General Motors Corp.*, 25 N.Y.2d 560 (1970) ................................................. 8-9

*Randolph v. ING Life Insurance & Annuity Co.*, 486 F. Supp. 2d 1 (D.D.C. 2007) ........ 5-6

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2

ii

CASE NO: 08-CV-766 LAB NLS

*Read v. Input/Output, Inc.,* No. Civ.A-H-05-0108, 2005 WL 2086179 (S.D. Tex. Aug. 26, 2005) ................................................................................................ 11

*Shulman v. Group W Productions, Inc.,* 18 Cal. 4th 200 (Cal. 1998) ...................... 8, 9, 12

*Smith v. Chase Manhattan Bank USA, N.A.,* 293 A.D.2d 598, 741 N.Y.S.2d 100 (N.Y. App. Div. 2002) ..................................................................................... 6

*Sprewell v. Golden State Warriors,* 266 F.3d 979 (9th Cir. 2001), *amended on other grounds,* 275 F.3d 1187 (9th Cir. 2001) ............................................ 4, 9

*Stollenwerk v. Tri-West Healthcare Alliance,* No. Civ. 03-0185PHXSRB, 2005 WL 2465906 (D. Ariz. Sept. 6, 2005) .................................................... 5

*Stubbs v. McDonald's Corp.,* 224 F.R.D. 668 (D. Kan. 2004) .......................................... 11

*Thompson v. Home Depot, Inc.,* No. 07CV1058(WMc), 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007) .......................................................................................... 1, 7

## STATUTES

28 U.S.C. § 1332(d)(2) .......................................................................................................... 2

28 U.S.C. § 1453(b) .............................................................................................................. 2

Cal. Bus. & Prof. Code § 17200 .............................................................................. *passim*

Cal. Bus. & Prof. Code § 17204 .......................................................................................... 4

Cal. Civ. Code § 1747.08 ........................................................................................... *passim*

Cal. Civ. Code § 1747(a) ...................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) .............................................................................................. *passim*

Fed. R. Civ. P. 12(f) ............................................................................................................ 11

Fed. R. Civ. P. 23(d) ........................................................................................................... 11

## MISCELLANEOUS

Judicial Council of Cal. Civil Jury Instructions, 1800 Intrusion Into Private Affairs ........ 4

Restatement (Second) of Torts, § 652A ................................................................................ 4

Restatement (Second) of Torts, § 652B ................................................................................ 8

Restatement (Second) of Torts, § 652C ................................................................................ 8

Restatement (Second) of Torts, § 652D ................................................................................ 8

Restatement (Second) of Torts, § 652E ................................................................................ 8

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2

iii

CASE NO: 08-CV-766 LAB NLS

**PRELIMINARY STATEMENT**

According to Plaintiff Leslie Johnson ("Plaintiff" or "Johnson"), she and members of the putative class are entitled, among other things, to compensatory damages, punitive damages, and statutory penalties from Defendant New York & Company ("Defendant" or "NY & Co."), on the basis that, while Plaintiff was making a credit card purchase in a clothing store check-out line, a NY & Co. cashier requested her telephone number. According to Plaintiff, in making this request, NY & Co. invaded her privacy and violated California Business & Professions Code § 17200 and California Civil Code § 1747.08. All three claims fail as a matter of law.

*First*, with respect to her section 17200 and invasion of privacy claims, Plaintiff lacks standing and/or fails to state a claim because she fails to allege a legally cognizable injury in fact. Numerous courts have addressed allegations of injuries similar to those pled in the Complaint, and repeatedly have held that the disclosure of this type of personal information does not constitute an injury in fact. Indeed, as recently as this past September, a court in this District addressed a section 17200 claim alleging "damages" similar to those alleged here, and dismissed it for failing to allege an adequate injury in fact. *See Thompson v. Home Depot, Inc.*, No. 07CV1058(WMc), 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007).

*Second*, Plaintiff's invasion of privacy claim should be rejected in any event, because that tort is simply inapposite. To state a claim, Plaintiff was required to allege an unauthorized intrusion into a "private place, conversation, or matter . . . in a manner highly offensive to a reasonable person." As discussed below, as a matter of law, a request for a phone number simply does not constitute an intrusion into a "private matter" that is "highly offensive to a reasonable person."

*Third*, Plaintiff fails to state a cause of action under section 1747.08 of the Song-Beverly Credit Card Act. Plaintiff alleges that Defendant "requested personal identification information from Plaintiff in the form of Plaintiff's telephone number" without informing Plaintiff that there would be any consequences if she declined to provide her telephone number. (Compl. ¶ 17). However, unable or unwilling to allege the simple facts of her own transaction,

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

- 1 -

1   Plaintiff fails to allege that the supposed "request" was made "as a condition to accepting the

2   credit card as payment in full or in part for goods or services," as section 1747.08 requires. *See*

3   Cal. Civil Code § 1747(a). Absent such allegations, Plaintiff has not alleged a violation of

4   section 1747.08.

5          Finally, even if this Court finds that Plaintiff has stated claims under section

6   1747.08, her class allegations should be stricken. Plaintiff brings this putative class action on

7   behalf of "all persons in California from whom Defendant requested and recorded personal

8   identification information in conjunction with a credit card transaction." (Compl. ¶ 22.)

9   However, on its face, this class is overbroad and cannot be certified because, among other things,

10  such alleged requests only constitute a violation if they are made "as a condition of accepting the

11  credit card as payment in full or in part for goods or services." *See* Cal. Civil Code § 1747.08(a).

12                                  **BACKGROUND**

13         On March 25, 2008, Plaintiff filed a putative class action in the Superior Court of

14  the State of California, County of San Diego, styled *Johnson v. New York & Company, Inc., et al.*,

15  Case No. 37-2008-00080567, seeking civil penalties, damages, attorneys' fees, and injunctive

16  relief against Defendant NY & Co., and alleging that NY & Co. invaded her privacy and violated

17  section 17200 of California's Unfair Competition Law ("UCL") and section 1747.08 of the Song-

18  Beverly Credit Card Act. NY & Co. timely removed the action to this Court under the Class

19  Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and 1453(b). This motion to dismiss followed.

20         In the Complaint, Plaintiff alleges that upon proceeding to the cashier station of a

21  NY & Co. store to pay for her selected items, she handed the NY & Co. employee her credit card,

22  which was swiped, entered and/or recorded into a cash register. (*See* Compl. ¶¶ 15-16.) Plaintiff

23  alleges that the cashier then requested Plaintiff's phone number. Although Plaintiff alleges that

24  the employee did not tell her there would be any consequences if Plaintiff chose not to provide

25  the information, Plaintiff alleges that she provided her telephone number "believing that she was

26  required to provide [it] to complete the transaction." (*See id.* ¶ 17.)

27         On the basis of this single transaction, Plaintiff alleges that "on each and every

28  day," during the one-year period preceding the filing of this Complaint, in the course of accepting

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                           - 2 -                    CASE NO: 08-CV-766 LAB NLS

1    credit card payments from her and all others similarly situated, NY & Co. intentionally requests

2    and records personal identification information at the point-of-sale, and that the mere request for

3    such information during a credit card transaction constitutes a violation of section 1747.08.[1]  (*Id.*

4    ¶¶ 2-3, 32-34.)  Although Plaintiff alleges absolutely no damage whatsoever with respect to her

5    section 1747.08 claim, she seeks statutory penalties on behalf of herself and each putative class

6    member of up to $1000 per alleged violation from NY & Co.

7            With respect to her section 17200 claim and invasion of privacy claim, she further

8    alleges that NY & Co. used her telephone number "without consent to acquire additional personal

9    information," including her address.  (*See id.* ¶¶ 3, 36, 40, 41.)  Plaintiff alleges that as a result,

10    she "suffer[ed] an injury in fact by . . . having [her] personal information disseminated to others

11    and being exposed to identity theft," for lost money as a result of not receiving compensation for

12    her address information, and for lost property in that Defendant improperly took Plaintiff's

13    address.  (*Id.* ¶ 39.)

14            As set forth below, all three causes of action should be dismissed, or, in the

15    alternative, Plaintiff's class allegations should be stricken.

16                                        **ARGUMENT**

17    **I.    LEGAL STANDARD**

18            "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

19    detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

20    to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

21    a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (internal

22

23    _____

      [1] California Civil Code § 1747.08(a) prohibits, in relevant part and with certain
24    exceptions, any person, firm, partnership, association or corporation that accepts credit cards for
      the transaction of business from doing the following:

25
              (2) Requesting, or requiring as a condition to accepting the credit
26            card as payment in full or in part for goods or services, the
              cardholder to provide personal identification information, which
27            the person, firm, partnership, association, or corporation accepting
              the credit card writes, causes to be written, or otherwise records
28            upon the credit card transaction form or otherwise.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                              - 3 -                    CASE NO: 08-CV-766 LAB NLS

1    citations omitted). Though the Court must accept all factual allegations in the Complaint as true,

2    *see Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), the Court cannot assume

3    that "the [plaintiff] can prove facts that [he] has not alleged" or that NY & Co. has violated the

4    law "in ways that have not been alleged." *Associated Gen. Contractors of CA, Inc. v. CA State*

5    *Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor is the Court "required to accept as true

6    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

7    inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on*

8    *other grounds*, 275 F.3d 1187 (9th Cir. 2001). A complaint must plead "enough facts to state a

9    claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Thus, a Rule 12(b)(6)

10    motion to dismiss should be granted when plaintiff fails to "nudge [] [her] claims across the line

11    from conceivable to plausible." *Id. See also Montgomery v. Bank of Am. Corp.*, 515 F. Supp. 2d

12    1106, 1108 (C.D. Cal. 2007).

13
14    **II.    PLAINTIFF'S INVASION OF PRIVACY AND SECTION 17200 CLAIMS
     SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND/OR
     LACK OF STANDING**

15
16    **A.    PLAINTIFF'S INVASION OF PRIVACY AND SECTION 17200
     CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS
     TO ALLEGE A LEGALLY COGNIZABLE INJURY IN FACT**

17
18    Plaintiff's claims based on common law invasion of privacy and violation of

19    section 17200 of the UCL must be dismissed for failure to allege a legally cognizable injury in

20    fact. The UCL provides that any UCL claim "shall be prosecuted exclusively" by persons who

21    "lost money or property as a result of [the] unfair competition." Cal. Bus. & Professions Code

22    § 17204; *see also Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227

23    (2006). Similarly, in order to state a claim for invasion of privacy under California law, Plaintiff

24    must allege an injury. *See* Restatement (Second) of Torts, § 652A ("One who invades the right of

25    privacy of another is subject to liability for the resulting harm"); Judicial Council of Cal. Civil

26    Jury Instructions, 1800 Intrusion Into Private Affairs ("To establish [invasion of privacy] claim,

27    [plaintiff] must prove . . . that [plaintiff] was harmed").

28    Here, Plaintiff alleges she suffered damages by having:    (1) " [her] personal

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                              - 4 -                        CASE NO: 08-CV-766 LAB NLS

1    information disseminated to others, and being exposed to identity theft"; (2) "lost money as a

2    result of not receiving compensation for [her] home address information, and not receiving a

3    proportional share of income derived by Defendant from having this information and using the

4    information for commercial gain"; and (3) "lost property in that Defendant improperly took

5    Plaintiff's . . . home address information, which is their property, without their express

6    permission." (Compl. ¶ 39; *see also id.* ¶ 48.) It is well-established that none of these alleged

7    injuries constitutes a legally cognizable "injury in fact."

8            First, other courts repeatedly have rejected the argument that the alleged

9    dissemination of personal information and an increased risk of identity theft can constitute

10   injuries in fact. *Compare, e.g., Kahle v. Litton Loan Servicing LP*, 486 F. Supp. 2d 705 (S.D.

11   Ohio 2007); *Guin v. Brazos Higher Educ. Serv. Corp., Inc.*, No. 05-668, 2006 WL 288483 (D.

12   Minn. Feb. 7, 2006); *Forbes v. Wells Fargo Bank, N.A.*, 420 F. Supp. 2d 1018 (D. Minn. 2006);

13   *Key v. DSW, Inc.*, 454 F. Supp. 2d 684 (D. Ohio 2006); *Giordano v. Wachovia Sec., LLC*, No. 06-

14   476, 2006 WL 2177036 (D.N.J. July 31, 2006); *Bell v. Acxiom Corp.*, No. 4:06CV00485, 2006

15   WL 2850042 (E.D. Ark. Oct. 3, 2006); *Stollenwerk v. Tri-West Healthcare Alliance*, No. Civ. 03-

16   0185PHXSRB, 2005 WL 2465906 (D. Ariz. Sept. 6, 2005); *with* Compl. ¶ 39. For example, in

17   *Randolph v. ING Life Insurance & Annuity Co.*, 486 F. Supp. 2d 1 (D.D.C. 2007), the plaintiffs

18   brought a putative class action on behalf of individuals whose personal information was contained

19   on the laptop computer of one of the defendant's employees, which was stolen during a burglary.

20   The plaintiffs alleged that the data breach "create[d] a substantial risk of identity theft" and that

21   the plaintiffs and putative class members had incurred or would incur actual damages in

22   purchasing credit monitoring services. *See id.* at 4. The court dismissed the claim for lack of

23   standing because the plaintiffs failed to plead an injury in fact. *See id.* at 6-8. The court

24   discussed a number of cases holding "that an allegation of increased risk of identity theft due to

25   lost or stolen personal data, without more, is insufficient to demonstrate a cognizable injury." *Id.*

26   at 7. Following those cases, the court concluded that the plaintiffs' damage allegations

27   "amount[ed] to mere speculation that at some unspecified point in the indefinite future they

28   will be the victims of identity theft." According to the court, "the injury alleged cannot be

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                    - 5 -                    CASE NO: 08-CV-766 LAB NLS

1    conjectural or hypothetical, remote, speculative, or abstract," and allegations of an increased risk

2    of identity theft fell short of that standard. *Id.* at 8. For the reasons set forth in *Randolph* and the

3    cases cited above, Plaintiff's first category of alleged damage does not constitute an injury in fact.

4       Second, an individual's address and phone number have has no intrinsic economic

5    value, and therefore their alleged appropriation cannot constitute an injury in fact. *See, e.g.*, *In re*

6    *JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299 (E.D.N.Y. 2005); *Smith v. Chase*

7    *Manhattan Bank USA, USA, N.A.*, 293 A.D.2d 598, 600, 741 N.Y.S.2d 100, 102-03 (N.Y. App.

8    Div. 2002) (rejecting claim by customers whose personal information was sold by bank to third-

9    party vendors that customers were entitled to the profits earned by the bank as a result of the

10   sales). For example, in *In re JetBlue*, the plaintiffs brought a putative class action based on an

11   airline's sale of their personal information to a data mining company. The court rejected the

12   plaintiffs' claim that they had been injured by not receiving compensation for their personal

13   information, stating that "there is absolutely no support for the proposition that the personal

14   information of an individual JetBlue passenger had any value for which that passenger could have

15   expected to be compensated," and "[t]here likewise is no support for the proposition that an

16   individual passenger's personal information has or had any compensable value in the economy at

17   large." *Id.* Accordingly, Plaintiff's allegation that she was damaged as a result of not being

18   compensated for her phone number and address is not an adequate basis for her claims. (*See*

19   Compl. ¶ 39.)

20      Third, Plaintiff's allegation that she was damaged because the "Defendant

21   improperly took Plaintiff's . . . home address information, which is [her] property, without [her]

22   express permission" fails for the same reason – an individual's address has no intrinsic economic

23   value. *Compare, e.g.*, *In re JetBlue*, 379 F. Supp. 2d 299, *and Smith*, 293 A.D.2d 598, *with*

24   Compl. ¶ 39. Moreover, while this particular damage allegation sounds in trespass, the law is

25   clear that trespass to an intangible property right requires "actual injury to the claimed property

26   interest." *In re JetBlue*, 379 F. Supp. 2d at 328 (citation omitted); *see also Intel Corp. v. Hamidi*,

27   30 Cal.4th 1342, 1350-51 (2003) ("[O]ne who intentionally intermeddles with another's chattel is

28   subject to liability only if his intermeddling is harmful to the possessor's materially valuable

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2    - 6 -    CASE NO: 08-CV-766 LAB NLS

1  interest in the physical condition, quality, or value of the chattel, or if the possessor is deprived of

2  the use of the chattel for a substantial time . . . .") (quoting Restatement (Second) of Torts, § 218).

3  Here, Plaintiff has not alleged that the condition, quality, or value of her phone number or address

4  information has been injured in any way, or that she was deprived of the use of her phone number

5  or address information for any amount of time. Accordingly, for this reason as well, the alleged

6  injury fails as a matter of law.

7          Applying these principles, a court in this District recently dismissed a similar

8  section 17200 claim, holding that the plaintiff failed to allege that the disclosure of personal

9  identification information to the defendant "caused [plaintiff] to lose any money or property – as

10  required to make out a claim under the UCL." *Thompson v. Home Depot, Inc.*, No. 07CV1058

11  (WMc), 2007 WL 2746603, at *3 (S.D. Cal. Sept. 18, 2007). In *Thompson*, the plaintiff, similar

12  to the Plaintiff here, alleged that the defendant used the personal information it acquired from the

13  plaintiff for marketing purposes, and that this somehow caused the plaintiff "substantial injury."

14  *Id.*  The *Thompson* court rejected that argument because the plaintiff failed to "allege that he

15  actually received any marketing solicitations" or that "such solicitations would or could cause

16  him monetary injury." *Id.*  In addition, the court rejected as "unpersuasive" the argument, also

17  similar to the Plaintiff's contentions here, that a consumer's personal data constitutes personal

18  property that has monetary value. *See id.* (holding that plaintiff's argument that "personal

19  information constitutes property under the UCL, is similarly unpersuasive and also rejected")

20  (citations omitted). *See also Dwyer v. American Express Co.*, 652 N.E.2d 1351, 1356 (Ill. App.

21  Ct. 1995) (sale of card-holder names to various merchants did not state a claim for tortious

22  appropriation because cardholder's name has little or no intrinsic value apart from its inclusion on

23  a categorized list).

24          The analysis in *Thompson* applies with equal force to Plaintiff's section 17200

25  claim[2] and her invasion of privacy claim. Accordingly, those claims should be dismissed for

---

[2]          Plaintiff predicates her section 17200 claim on NY & Co.'s alleged violation of
section 1747.08. (*See* Compl. ¶ 40.) Thus, in the event that this Court grants Defendant's motion
to dismiss Plaintiff's section 1747.08 claim, Plaintiff's section 17200 claim should be dismissed
on that ground as well.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                                    - 7 -                        CASE NO: 08-CV-766 LAB NLS

1  failure to allege a legally cognizable injury in fact.

2  **B.    PLAINTIFF  FAILS  TO  STATE  A  CAUSE  OF  ACTION  FOR**
3  **COMMON LAW INVASION OF PRIVACY**

4          In addition to Plaintiff's failure to allege a cognizable injury, Plaintiff's invasion of

5  privacy claim should be dismissed because that tort is simply inapposite here.    The tort of

6  invasion of privacy actually encompasses four distinct torts.[3]    *See generally Miller v. Nat'l*

7  *Broadcasting Co.*, 187 Cal. App. 3d 1463, 1481-82 (Ct. App. 1986).    Plaintiff's Complaint fails

8  to identify which tort NY & Co. allegedly committed, but it appears that Plaintiff is attempting to

9  shoehorn her claim into the tort of an unreasonable intrusion upon the seclusion of another. (*See*

10  Compl. ¶¶ 43-45.)  However, Plaintiff's tortured pleading does not state a claim for that tort.

11          Under the tort of intrusion upon the seclusion of another, "[o]ne who intentionally

12  intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or

13  concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be

14  ***highly*** offensive to a reasonable person."  *Miller*, 187 Cal. App. 3d at 1482 (emphasis added).

15  The California Supreme Court has explained that this tort "encompasses unconsented-to physical

16  intrusion into the home, hospital room or other place the privacy of which is legally recognized,

17  as well as unwarranted sensory intrusions such as eavesdropping, wiretapping, and visual or

18  photographic spying." *See Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 231-32 (Cal.

19  1998).    "The tort is proven only if the plaintiff had an objectively reasonable expectation of

20  seclusion or solitude in the place, conversation, or data source." *Id.* at 232.  The types of invasion

21  intrinsic in the tort are those such as peeping through windows or into other locations in which a

22  plaintiff has chosen to seclude himself, *see* Restatement (Second) of Torts, § 652B (Illustration

23  No. 2); eavesdropping on a private conversation, *see id.* (Illustration No. 3); *Nader v. Gen.*

24  *Motors Corp.*, 25 N.Y.2d 560, 569-70 (1970); entering someone's bedroom without authorization

25

26  _____

3          The four invasion of privacy torts are:  (1) an unreasonable intrusion upon the
27  seclusion of another; (2) an appropriation of another's name or likeness; (3) a public disclosure of
private facts; and (4) publicity which reasonably places another in a false light before the public.
28  *See* Restatement (Second) of Torts §§ 652B, 652C, 652D and 652E.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC. 20007-
5108                      DC01/WILSDO/337066.2                    - 8 -                    CASE NO: 08-CV-766 LAB NLS

1    to film a rescue attempt by paramedics, *Miller*, 187 Cal. App. 3d at 1484; or gaining entrance into

2    another's home by subterfuge, *see Dietemann v. Time, Inc.*, 449 F.2d 245 (9th Cir. 1971).

3            The instant case clearly does not fall within this scope.  Plaintiff does not allege

4    any "physical intrusion" or "unwanted sensory intrusion such as eavesdropping, wiretapping, [or]

5    visual or photographic spying" into Plaintiff's private matters.   Plaintiff merely alleges that NY

6    & Co. requested her telephone number while she stood in a store check-out line purchasing items

7    with a credit card.   (*See* Compl. ¶¶ 13-21, 43.)  Nor does she adequately allege that such

8    information is "private."  All Plaintiff contends is that the "intrusion was into a place or thing

9    which was private and is entitled to be private, in that Defendant does not need [her] personal

10   identification information in order to proceed with the credit card transaction."  (Compl. ¶ 45.)

11   This, however, is a *non sequitur* – simply because a telephone number may not be needed to

12   complete a transaction does not *ipso facto* render that information "private."  Rather, Plaintiff was

13   required to allege that she had an "objectively reasonable expectation" of privacy in her phone

14   number.  *Shulman*, 18 Cal. 4th at 232.     The Complaint, however, is devoid of any such

15   allegations, and the conclusory assertion that her phone number is "private" is insufficient to

16   survive a Rule 12(b)(6) motion.  *See Twombly*, 127 S. Ct. at 1965 ("[A] formulaic recitation of

17   the elements of a cause of action will not do."); *Sprewell*, 266 F.3d at 988 (courts are not

18   "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact,

19   or unreasonable inferences.").

20           Moreover, the mere request for a telephone number is not the type of "highly

21   offensive" intrusion contemplated by the tort (and, indeed, Plaintiff does not allege that the

22   alleged "intrusion" was "highly" offensive, as required to state a claim).  *See Shulman*, 18 Cal.

23   4th at 231.  For example, in *Deteresa v. American Broadcasting Companies, Inc.*, 121 F.3d 460

24   (9th Cir. 1997), the plaintiff was a flight attendant on a flight that O.J. Simpson took shortly after

25   the murders of Nicole Brown Simpson and Ronald Goldman.  *Id.* at 462.  A producer from the

26   ABC network went to plaintiff's home and explained that he wanted to speak to her about

27   appearing on a television show to discuss the flight.   The plaintiff refused to appear on the

28   television show, but did speak with the producer briefly about the flight.  Unbeknownst to the

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                             - 9 -                      CASE NO: 08-CV-766 LAB NLS

1  plaintiff, the ABC producer had audio-taped their conversation and had a cameraperson across the

2  street videotaping them.  ABC later advised plaintiff that the network intended to air portions of

3  the audio- and video-tape on a television show.  Plaintiff subsequently sued ABC for, among

4  other things, intrusion into seclusion. *Id.* at 465.  The Ninth Circuit held that the plaintiff's claim

5  "was not sufficiently offensive to state a common law intrusion into seclusion privacy claim,"

6  because, among other things, the plaintiff "was videotaped in public view by a cameraperson in a

7  public place" and "[t]here was no evidence that any intimate details of anyone's life were

8  recorded." *Id.* at 466.

9          The facts in the instant case do not even rise to the level of offensiveness that the

10  court rejected as insufficient as a matter of law in *Detersa*.  Here, the Plaintiff merely alleges that

11  she went into a public store and was asked for her phone number.  (Compl. ¶ 13-21.)  Unlike the

12  situation where someone wiretaps a private telephone or peeps through another person's

13  windows, being asked in a public store for one's phone number does not, as a matter of law, rise

14  to the level of an intrusion "highly offensive to the reasonable person." *Miller*, 187 Cal. App. 3d

15  at 1482; *see also Deteresa*, 121 F.3d at 465 ("a preliminary determination of 'offensiveness' . . .

16  must be made by the court in discerning the existence of a cause of action for intrusion") (internal

17  quotation marks and citation omitted).  Accordingly, Plaintiff's invasion of privacy claim should

18  be dismissed.

19  **III.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF**
20  **        SECTION 1747.08 OF THE SONG-BEVERLY CREDIT CARD ACT**

21          Plaintiff alleges that she provided personal identification information to NY & Co.

22  that NY & Co. then recorded, but nowhere does she allege that NY & Co. requested this

23  information *as a condition to accepting the credit card as payment*," as section 1747.08(a)(2)

24  expressly requires.    (Emphasis added.)    Although Plaintiff makes the bare and conclusory

25  allegation that "she believ[ed] that she was required to provide her telephone number to complete

26  the transaction," (Compl. at ¶ 17), she fails to allege any facts to support such a belief in order to

27  make her claim "plausible," *Twombly*, 127 S.Ct. at 1974.  For example, Plaintiff does not allege

28  that the cashier told her that the transaction would not be completed unless Plaintiff provided the

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                                              CASE NO: 08-CV-766 LAB NLS

1    information, nor does Plaintiff allege that the cashier informed her that NY & Co. would rather

2    abandon the transaction (and forego her patronage) than proceed without having obtained her

3    personal information. To the contrary, Plaintiff alleges that the cashier never told her there would

4    be any consequences if she declined to provide the information. (*See* Compl. ¶ 17.) Accordingly,

5    Plaintiff has failed to state a claim under section 1747.08(a)(2).

6
7
**IV.     ALTERNATIVELY, PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE
         STRICKEN**

8             Federal Rule of Civil Procedure 12(f) provides that a court may strike certain

9    allegations, words, or phrases from a pleading. *See* Fed. R. Civ. P. 12(f). Moreover, Rule 23(d)

10   authorizes a court to make appropriate orders to control the "course of proceedings or prescribe[e]

11   measures to prevent undue repetition or complication in the presentation of evidence or

12   argument." Fed. R. Civ. P. 23(d). Where it is clear on the face of the complaint that class

13   treatment would be improper, a court may properly strike class allegations at the outset of the

14   litigation, including on a pre-answer motion to strike. *See Gen. Tel. Co. of Southwest v. Falcon*,

15   457 U.S. 147, 160 (1982); *Kamm v. Cal. City Dev. Corp.*, 509 F.2d 205, 212 (9th Cir. 1975);

16   *accord, e.g., Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) ("Federal courts

17   have used motions to strike to test the viability of a class at the earliest pleading stage of the

18   litigation."); *Read v. Input/Output, Inc.*, No. Civ.A-H-05-0108, 2005 WL 2086179, at *2 (S.D.

19   Tex. Aug. 26, 2005) ("The Court has the authority to strike class allegations under both Federal

20   Rules of Civil Procedure 12(f) (as 'immaterial' allegations) and 23(d)(4).").

21            Dismissal or striking of class allegations prior to a motion for class certification is

22   appropriate where, as here, the complaint itself demonstrates that the requirements for

23   maintaining a class action cannot be met. *See Miller v. Motorola, Inc.*, 76 F.R.D. 516, 518 (D.C.

24   Ill. 1977) (granting motion where "proposed class [was] overbroad for a variety of reasons which

25   [were] based on undisputed facts."). Here, Plaintiff alleges a putative class "consisting of all

26   persons in California from whom Defendant requested and recorded personal identification

27   information in conjunction with a credit card transaction." (Compl. ¶ 22.) On its face, such a

28   class is overbroad.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                        - 11 -                     CASE NO: 08-CV-766 LAB NLS

1    With respect to her first claim, Plaintiff acknowledges, by her conclusory

2    allegation that she "believ[ed] that she was required to provide her telephone number to complete

3    the transaction," that section 1747.08 prohibits only those requests made "as a condition of

4    accepting the credit card as payment." (*See* Compl. ¶ 17; *see also supra* Section III.)  However,

5    the Complaint's class definition is not similarly limited.  As a result, it is facially overbroad and

6    includes persons for whom no claim may be brought under section 1747.08.  For the same reason,

7    the class definition is overbroad with respect to Plaintiff's second claim, which is specifically

8    predicated on a violation of section 1747.08. (*See* Compl. ¶ 40.)

9    With respect to Plaintiff's invasion of privacy claim, the class allegations should

10   be stricken, because Plaintiff fails to allege that the phone numbers of each of the putative class

11   members was "private" or that it was given involuntarily, as required to state a claim for the tort

12   of intrusion into the seclusion of another. *See Shulman*, 18 Cal. 4th at 232; *Deteresa*, 121 F.3d at

13   466.  In her Complaint, Plaintiff merely alleges that each phone number is "private" because

14   "Defendant does not need the consumers' personal identification information in order to proceed

15   with the credit card transaction." (Compl. ¶ 45.)  However, as noted above, this non-sequitur fails

16   to meet Plaintiff's pleading obligations under Rule 8. *See supra* Section II.B.  Simply because

17   information may not be needed for a transaction does not make that information "private."

18   Rather, Plaintiff was required to allege that each putative class member had an "objectively

19   reasonable expectation" of privacy in his or her phone number, which the Complaint fails to do.

20   Moreover, even assuming that a consumer's subjective belief that a phone number was required

21   to complete a transaction constitutes an "intrusion" within the scope of the tort, Plaintiff failed to

22   allege that each and every putative class member had such a subjective belief, or did not

23   otherwise voluntarily provide the information to NY & Co.

24   The class definition is patently overbroad, and litigation to narrow the class and

25   potential discovery on issues relating to such an overbroad class would be a waste of the parties'

26   and the Court's time and resources.

27

28

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR, SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DC01/WILSDO/337066.2

- 12 -

CASE NO: 08-CV-766 LAB NLS

1

## CONCLUSION

2          For the foregoing reasons, Defendant respectfully requests that this Court dismiss

3    Plaintiff's Complaint with prejudice.

4

5    Dated: May 5, 2008                        KELLEY DRYE & WARREN LLP
                                                        and
6                                              WRIGHT & L'ESTRANGE

7                                              Attorneys for Defendant
                                               LERNER NEW YORK, IMPROPERLY
8                                              PLEADED AS NEW YORK & COMPANY,
                                               INC.

9

10                                             By: /s/ John L'Estrange, Jr
                                               John H. L'Estrange, Jr.
11                                                 jlestrange@wllawsd.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2          - 13 -                    CASE NO: 08-CV-766 LAB NLS

**CERTIFICATE OF SERVICE**

**LESLIE JOHNSON v. NEW YORK & COMPANY, et al.**

**U.S. District Court, Southern District, Case No.: 08-cv-00766-LAB-NLS**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is 401 West A Street, Suite 2250, San Diego, California 92101; and that I served the below-named persons the following documents:

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

in the following manner:

1. _____    By personally delivering copies to the person served.

2. _____    By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge.

3. xx _____    By placing a copy in a separate envelope, with postage fully prepaid, for only persons as indicated below and depositing each in the U.S. Mail at San Diego, California, on the date of this declaration.

> James M. Lindsay, Esq.
> Gene L. Stonebarger, Esq.
> Richard D. Lambert, Esq.
> LINDSAY & STONEBARGER
> a Professional Corporation
> 620 Coolidge Drive, Suite 225
> Folsom, CA 95630
> Attorneys for Plaintiffs

4. _____    By placing a copy in a separate Federal Express envelope, addressed to the addressee(s) named below. I am readily familiar with the practice of this firm for collection and processing of correspondence for mailing by Federal Express. Pursuant to this practice, correspondence would be deposited in the Federal Express box located at 401 West A Street, San Diego, California 92101, in the ordinary course of business on the date of this declaration.

5. _____    By transmitting the document(s) via facsimile on the date of this declaration to only those persons as indicated below and that the transmission was reported as complete and without error. The phone number of the transmitting facsimile machine is (619) 231-6710.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2

- 14 -

CASE NO: 08-CV-766 LAB NLS

1

2

6. xx_____By transmitting the document(s) via Notice of Electronic Filing through CM/ECF on the date of this declaration to those persons as indicated below.

3

The addressee(s) is (are) as follows:

4

5

James R. Patterson, Esq.
Cary A. Kinkead, Esq.
HARRISON PATTERSON & O'CONNOR
402 West Broadway, Suite 1905
San Diego, CA 92101

6

7

8

Attorneys for Plaintiffs

9

I declare that I am employed by member of the bar of this court at whose direction the service was made. Executed on May 5, 2008.

10

/s/ John L'Estrange, Jr.
John H. L'Estrange
jlestrange@wllawsd.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-
5108

DC01/WILSDO/337066.2                    - 15 -                    CASE NO: 08-CV-766 LAB NLS