James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
LINDSAY & STONEBARGER
A Professional Corporation
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Telephone: (916) 294-0002
Facsimile: (916) 294-0012

James R. Patterson, State Bar No. 211102
Harry W. Harrison, State Bar No. 211141
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JOHNSON, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>LERNER NEW YORK, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 08-CV-766-LAB-NLS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: July 28, 2008<br>Time: 11:15 a.m.<br>Judge: Hon. Larry A. Burns<br>Courtroom: 9, 2nd Floor |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. LEGAL STANDARD ........................................................................................... 2

    A. This Court Must Apply California Law With Respect To Legally Substantive Issues ................................................................................... 2

    B. Federal Law Provides The Standard For A Motion To Dismiss ............ 3

III. LAW AND ARGUMENT ..................................................................................... 4

    A. California Law Does Not Require Plaintiff To Allege That Defendant Required Her To Provide Personal Identification Information As A Condition To Accepting Her Credit Card As Payment ........................... 4

    B. Plaintiff Has Sufficiently Alleged A Claim For Violations Of California Business And Professions Code Section 17200 ....................................... 5

    C. The Complaint Sufficiently States A Claim For Invasion Of Privacy ..... 7

        1. Defendant Invaded a Legally Protected Privacy Interest of Plaintiff ......... 8

        2. Plaintiff Had a Reasonable Expectation of Privacy in Her Personal Identification Information ................................................................. 9

        3. Defendant's Collection of Plaintiff's Personal Identification Information in Violation of the Act Constitutes a Serious Invasion of Plaintiff's Privacy Interests ........................................................ 9

    D. Defendant's Motion To Strike Should Be Denied In Its Entirety ........... 10

IV. CONCLUSION ................................................................................................... 11

LINDSAY & STONEBARGER
A Professional Corporation

## TABLE OF AUTHORITIES

**Federal Cases**

Byrd v. Blue Ridge Rural Electrical Cooperative, Inc.
    356 U.S. 525 (1958) ................................................................................................ 3

Computer Econs., Inc. v. Gartner Group, Inc.
    50 F.Supp.2d 980 (S.D. Cal. 1999) ........................................................................ 3

Conley v. Gibson
    355 U.S. 41 (1957) .................................................................................................. 3

Department of Defense v. FLRA
    510 U.S. 487 (1994) ................................................................................................ 9

Friedman v. Benenson Capital Co.
    2007 U.S. Dist. LEXIS 37377 (S.D. Fla. 2007) ..................................................... 3

Guaranty Trust Co. v. York
    326 U.S. 99 (1945) .................................................................................................. 4

Levine v. Diamanthuset, Inc.
    950 F.2d 1478 (9th Cir. 1991) ................................................................................ 3

Linda R.S. v. Richard D.
    410 U.S. 614 (1973) ................................................................................................ 6

Lujan v. National Wildlife Federation
    497 U.S. 871 (1990) ................................................................................................ 3

North Star Intern. v. Arizona Corp. Comm'n.
    720 F.2d 578 (9th Cir.1993) ............................................................................. 3, 9

Swierkiewicz v. Sorema, N.A.
    534 U.S. 506 (2002) ................................................................................................ 4

Thompson v. Home Depot
    No. 07CV1058 (WMc), 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007) ............... 7

Warth v. Seldin
    422 U.S. 490 (1975) ................................................................................................ 6

Williamson v. General Dynamics Corp.
    208 F.3d 1144 (9th Cir. 2000) ................................................................................ 3

**State Cases**

Buckland v. Threshold Enterprises, Ltd.
    155 Cal.App.4th 798 (2007) ............................................................................. 5, 6

Florez v. Linens 'N Things, Inc.
    108 Cal.App.4th 447 (2003) ........................................................................ passim

*Hill v. National Collegiate Athletic Assn.*
   7 Cal.4th 1 (1994) .................................................................................................... 8, 9

*Lorig v. Medical Board*
   78 Cal.App.4th 462 (2000) ............................................................................................ 8

*Planned Parenthood Golden Gate v. Superior Court*
   83 Cal.App.4th 347 (2000) ........................................................................................ 8, 9

*Starving Students, Inc. v. Department of Industrial Relations, Div. of Labor Standards Enforcement*
   125 Cal.App.4th 1357, 1368 (2005)............................................................................... 6

*Tien v. Superior Court*
   139 Cal.App.4th 528 (2006) .......................................................................................... 8

**Federal Statutes**

Class Action Fairness Act of 2005 .............................................................................................. 3

United States Constitution, Article III ............................................................................... 2, 5, 6

**State Statutes**

California Business and Professions Code § 17200 ............................................................ 2, 5, 6, 7

California Civil Code § 1747.08 ....................................................................... 1, 2, 5, 6, 7, 8, 10

California Civil Code § 1747.08(a)(2) ..................................................................................... 1, 4

California Civil Code § 1747.08(b) ............................................................................................. 4

California Constitution, Article I, § 1 ...................................................................................... 1, 7

Plaintiff Leslie Johnson (hereinafter referred to as "Plaintiff"), on behalf of herself and all others similarly situated, hereby submits this opposition to Defendant Lerner New York's (hereinafter referred to as the "Defendant") motion to dismiss or, alternatively, motion to strike (hereinafter referred to as the "Motion") as follows:

## I.

## INTRODUCTION

The California Legislature long ago recognized the dangers associated with collecting consumers' personal identification information in conjunction with credit card transactions, finding that the practice put the physical and financial safety of consumers at risk by exposing them to: (i) identity theft; (ii) credit card fraud; and (iii) harassment by store employees. In response, the Legislature enacted California Civil Code section 1747.8 (subsequently renumbered to 1747.08 and hereinafter referred to as the "Act") to protect the privacy rights guaranteed to consumers by Article I, Section 1 of the California Constitution. Originally, the Act prohibited merchants from requiring "personal identification information" from consumers as a condition to accepting a credit card. Then, in 1991, the Legislature amended the Act by adding the word "request" to make it clear that "a 'request' for personal identification information was prohibited if it immediately preceded the credit card transaction, even if the consumer's response was voluntary and made only for marketing purposes." Florez v. Linens 'N Things, Inc., 108 Cal.App.4th 447, 453 (2003).

Specifically, the Act prohibits the collection of consumers' personal identification information, including addresses and/or telephone numbers, during credit card transactions unless such information is necessary to complete the transaction. Plaintiff's action against Defendant arises from Defendant's: (i) violations of the Act through its collection of customers' telephone numbers during credit card purchases in violation of section 1747.08(a)(2); (ii) acts of covertly obtaining customers' home addresses and other personal identification information through the utilization of "data warehousing" or "data mining" databases; and (iii) receipt of profits that were unlawfully, unfairly, and wrongly received by Defendant as a result of the aforementioned conduct.

Defendant makes three primary arguments in support of its Motion. None have merit. Defendant argues that Plaintiff's First Cause of Action for violations of the Act should be dismissed on the basis that Plaintiff's Complaint[1] does not allege that Defendant required Plaintiff to provide her telephone number as a <u>condition</u> to Defendant accepting her credit card as payment. As set forth below, this exact argument was soundly rejected by the California Appellate Court in <u>Florez v. Linens 'N Things, Inc.</u>

Defendant also contends that Plaintiff's Second Cause of Action for violations of California's Unfair Competition Law, California Business and Professions Code section 17200, *et seq.*, (hereinafter referred to as the "UCL") should be dismissed based on its argument that Plaintiff failed to allege a cognizable injury in fact. However, under United States Supreme Court precedent, an individual suffering a violation of the Act satisfies the injury in fact requirement under the UCL by virtue of the violation itself. The Complaint also sufficiently alleges that Plaintiff has lost money and property as a result of Defendant's conduct.

Defendant further contends that Plaintiff's Third Cause of Action for invasion of privacy should be dismissed based on its argument that Plaintiff has failed to state a cause of action for any of the four common law invasion of privacy torts. However, California law is well-settled that the constitutionally guaranteed right of privacy unequivocally includes the right to control the dissemination of personal information – a right that was directly and effectively violated by Defendant's practices. The Complaint sufficiently pleads each of the necessary elements to state a claim for violations of the state constitutional right to privacy.

## II.

## LEGAL STANDARD

A. <u>**This Court Must Apply California Law With Respect To Legally Substantive Issues.**</u>

Each of Plaintiff's claims against Defendant are founded solely upon California law. Accordingly, all issues raised in Defendant's Motion, including (i) whether Plaintiff must allege that Defendant <u>required</u> a customer's telephone number as a <u>condition</u> to credit card use, (ii)

---

[1] "Complaint" refers to the operative complaint filed by Plaintiff on March 25, 2008.

whether Plaintiff has suffered an injury in fact under the UCL, and (iii) whether Defendant's "reverse searching" of telephone numbers to obtain customers' address information was an invasion of Plaintiff's and class members' constitutionally guaranteed rights to privacy, are unquestionably substantive as they will inevitably determine the parties' rights and obligations.

It is a well settled rule of law that "[f]ederal courts sitting in diversity must enforce state rules that are clearly substantive, [those] 'intended to be bound up with the definition of the rights and obligations of the parties.'" Computer Econs., Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 990 (S.D. Cal. 1999)(quoting Byrd v. Blue Ridge Rural Electrical Cooperative, Inc., 356 U.S. 525, 536 (1958)). This case has been removed to this Court under the "Class Action Fairness Act of 2005," which expands federal diversity jurisdiction, but does not change its obligation to apply California substantive law. See Friedman v. Benenson Capital Co., 2007 U.S. Dist. LEXIS 37377 (S.D. Fla. 2007). Any California "rules that define the elements of a cause of action, affirmative defenses, presumptions, and burdens of proof, and rules that create or preclude liability" must be applied as they "are so obviously substantive that their application in diversity actions is required." Computer Econs., Inc., 50 F.Supp.2d at 990. This is to ensure that the outcome of the litigation is "substantially the same… as it would be if tried in a State court." Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945).

### B.    Federal Law Provides The Standard For A Motion To Dismiss.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. A court must assume all factual allegations to be true and construe them in the light most favorable to the nonmoving party. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 590 (9th Cir.1993). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." Williamson v. General Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000); see Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991); see also Conley v.Gibson, 355 U.S. 41, 45-46 (1957). But a plaintiff need not prove specific facts indicating a right to relief since courts are to "presume that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. National Wildlife Federation, 497 U.S. 871, 889

LINDSAY & STONEBARGER
A Professional Corporation

(1990). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 507 (2002).

## III.

## LAW AND ARGUMENT

### A. California Law Does Not Require Plaintiff To Allege That Defendant Required Her To Provide Personal Identification Information As A Condition To Accepting Her Credit Card As Payment.

Plaintiff has sufficiently stated a claim for violations of California Civil Code section 1747.08(a)(2). California Civil Code section 1747.08(a)(2) prohibits any merchant that accepts credit cards for the transaction of business from doing the following:

> Request, **or** require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

Cal. Civ. Code § 1747.08(a)(2) (emphasis added).[2] Thus, it is clear from the express language of 1747.08(a)(2) that a merchant who "accepts credit cards for the transaction of business" **may neither** "<u>request</u>" that the cardholder "provide personal identification information" in conjunction with the use of a credit card, **nor may it** "<u>require as a condition to accepting the credit card as payment in full or in part for goods or services</u>" that the cardholder "provide personal identification information."

Defendant contends that Plaintiff must allege that Defendant required Plaintiff to provide her telephone number as a condition to accepting her credit card. However, Defendant's exact argument was considered and soundly rejected by the California Appellate Court in <u>Florez v. Linens 'N Things, Inc.</u>, *supra*. In the <u>Florez</u> case, the retailer argued that if the request for a customer's telephone number was not a condition of the sale, then section 1747.08(a)(2) was not violated. The <u>Florez</u> Court found this argument to be unpersuasive and inconsistent with the Act's clear language, intent, and purpose. Noting that "there is nothing ambiguous or unclear

---

[2] "For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number." Cal. Civ. Code § 1747.08(b).

about the statute" the <u>Florez</u> Court held that the plain language of the Act "prohibits a '<u>request</u>' for personal identification information in conjunction with the use of a credit card." <u>Florez</u>, 108 Cal.App.4th at 451 (emphasis added).

The <u>Florez</u> Court went on to explain that "[i]n effect, the 1991 amendment [to section 1747.08] prevents a retailer from making an end-run around the law by claiming the customer furnished personal data 'voluntarily'." <u>Id</u>. at 453. "[T]he legislative intent suggests the 1991 amendment simply clarified that **a 'request' for personal identification information was prohibited if it immediately preceded the credit card transaction, even if the consumer's response was voluntary and made only for marketing purposes**." <u>Id</u>. (emphasis added). The <u>Florez</u> Court concluded that "the addition of the word 'request' to section [1747.08] bars a preliminary request for personal identification information." <u>Id</u>.

Defendant's argument is based on an incorrect understanding of the Act and is in direct contradiction to the holding in <u>Florez</u>. Indeed, it is the mere "request" for personal identification information and the merchant's recording of the same in conjunction with a credit card transaction that constitutes a violation of the Act. As such, Plaintiff need not allege or prove that Defendant's request for his personal identification information was a <u>condition</u> to accepting her credit card as payment. This is simply not an element to Plaintiff's cause of action.

### B. Plaintiff Has Sufficiently Alleged A Claim For Violations Of California Business And Professions Code Section 17200.

Defendant challenges Plaintiff's standing to assert claims under the UCL. Specifically, Defendant contends that Plaintiff has not suffered any injury in fact, and that she has not lost any money or property as a result of Defendant's conduct. Standing under the UCL is analyzed under the same standing requirements as Article III of the United States Constitution. *See* <u>Buckland v. Threshold Enterprises, Ltd.</u>, 155 Cal.App.4th 798, 814 (2007). Plaintiff has standing in this case to assert her claims under the UCL, as the Complaint sufficiently sets forth that Plaintiff has suffered an injury in fact and that she has lost money and property as a result of Defendant's conduct.

/ / /

Plaintiff has clearly alleged in the Complaint that she has suffered an injury in fact by, among other things, having her personal information illegally collected, disseminated to others and being exposed to identity theft. ¶39[3]. The Complaint also alleges that Plaintiff lost money as a result of not receiving fair compensation for her home address information, and not receiving a proportional share of income derived by Defendant from obtaining this information and using the information for commercial gain. ¶39. The Complaint also alleges that Plaintiff lost property in that Defendant improperly took Plaintiff's home address information, which is her property, without her express permission. ¶39. Indeed, personal identification information such as addresses and telephone numbers constitute valuable intellectual property which can be purchased and sold for profit. When a store creates a record containing a customer's "name, credit card number, telephone number, and address….[t]he contents of this record can be viewed, printed, distributed, and sold by the store." Florez, 108 Cal.App.4th at 449.

It is well-settled that when determining whether an individual has suffered injury in fact under the UCL, courts look to the language of Proposition 64 itself. See Buckland, 155 Cal.App.4th at 814. Proposition 64 provides that no individual may bring an action unless the individual has been "injured in fact under the standing requirements of the United States Constitution." Prop. 64, § 1, (e); see Buckland, 155 Cal.App.4th at 814. The United States Supreme Court has stated that the injury in fact requirement under Article III "often turns on the nature and source of the claim asserted. The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." Warth v. Seldin, 422 U.S. 490, 500 (1975) (citing Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973)).

In this case, it is axiomatic that a violation of the Act creates standing for the purposes of Article III, and thus, the UCL. The Act imposes strict liability on retailers who violate its provisions and imposes mandatory civil penalties for said violations. The mandatory civil penalty element is substantial and indicative of the Legislature's recognition that violations of the Act will produce damages beyond that which is compensable. Starving Students, Inc. v.

---

[3] All "¶__" references are to the Class Action Complaint filed on March 25, 2008.

Department of Industrial Relations, Div. of Labor Standards Enforcement, 125 Cal.App.4th 1357, 1368 (2005). The imposition of a mandatory civil penalty presumes that an injury has occurred – one that cannot be adequately compensated absent the civil penalty. Id. Plaintiff has suffered an injury in fact and has independent standing under the UCL based on her allegations in the Complaint that she suffered violations of the Act. ¶¶29-34. As such, Plaintiff should be allowed to proceed with her claim under the UCL to obtain an injunction against Defendant from engaging in practices whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments.

Defendant's reliance on Thompson v. Home Depot[4] is misplaced. In Thompson, the court was faced with a case in which the plaintiff brought a cause of action against the defendant for violations of the Act resulting from the defendant's use of a preprinted form during credit card refund transactions. The Thompson plaintiff merely alleged that he was required to fill out the credit card form and made no allegation that he lost any money or property as result of defendant's conduct. In Thompson, the court was not faced with allegations that the defendant recorded consumers' telephone numbers, subsequently performed a "reverse search" to discover consumers' home addresses, and unilaterally and unlawfully disseminated such information without consumer authorization or consent. Each of these allegations is present in the Complaint and makes this case inapposite to that which was before the court in Thompson.

    **C.**    **The Complaint Sufficiently States A Claim For Invasion Of Privacy.**

Defendant argues that Plaintiff's Complaint does not sufficiently plead any of the four common law privacy torts. This is misleading. Indeed, Plaintiff's Complaint does not plead any of the four common law privacy torts because Plaintiff does not seek recovery based thereon. Rather, seeks to recover for Defendant's violation of her constitutionally guaranteed right to privacy as set forth in Article I, Section 1 of the California Constitution which provides:

> All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty,

---

[4] Thompson v. Home Depot, No. 07CV1058 (WMc), 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007).

acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

Cal. Const. Article I, § 1.

To adequately plead a cause of action for violation of the constitutionally guaranteed right to privacy, three elements must be satisfied. First, Plaintiff must show there was an invasion of a legally protected privacy interest. Second, Plaintiff had a reasonable expectation of privacy in that interest. Third, the invasion must be serious. Hill v. National Collegiate Athletic Assn., 7 Cal.4th 1, 35-37 (1994). The Complaint satisfies these elements.

### 1. Defendant Invaded a Legally Protected Privacy Interest of Plaintiff.

Plaintiff has a legally protected privacy interest in her personal identification information. "A particular class of information is private when well-established social norms recognize the need to maximize individual control over its dissemination…Such norms create a threshold reasonable expectation of privacy in the data at issue." Id. at 35. The right to control private information regarding one's personal life is protected information. Tien v. Superior Court, 139 Cal.App.4th 528, 539 (2006). It is well-established that "individuals have a substantial interest in the privacy of their home." Planned Parenthood Golden Gate v. Superior Court, 83 Cal.App.4th 347, 359 (2000), as modified, (Sept. 14, 2000) and as modified, (Sept. 26, 2000) (*citing* Lorig v. Medical Board, 78 Cal.App.4th 462, 468 (2000)). Plaintiff specifically alleges that Defendant, through its wrongful requesting of personal information and subsequent clandestine receipt of Plaintiff's home address information, violated Plaintiff's legally protected privacy interests. ¶3, ¶37, ¶38, ¶¶42-45.

Any doubt as to whether personal identification information is a legally protectable privacy interest can be quickly dismissed by the fact that the Act specifically prohibits retailers from collecting this information in conjunction with credit card transactions. Indeed, the Florez court specifically recognized that the Act was enacted as "a response to two principle privacy concerns." Florez, 108 Cal.App.4th at 452. One privacy concern was that "with increased use of computer technology, very specific and personal information about a consumer's spending habits was being made available to anyone willing to pay for it." Id. Another privacy concern was that

"acts of harassment and violence were being committed by store clerks who obtained customers' phone numbers and addresses." Id.

Even if Plaintiff's phone number and/or address information is listed in a phone book, her privacy rights in this personal information is not dissolved. The United States Supreme Court has recognized that "'an individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form.'" Planned Parenthood Golden Gate, 83 Cal.App.4th at 366 (quoting Department of Defense v. FLRA, 510 U.S. 487, 1015 (1994)). "In other words, the right to privacy is sufficiently strong to protect a decision not to disclose personal information to a specific audience." Id.

### 2. Plaintiff Had a Reasonable Expectation of Privacy in Her Personal Identification Information.

The Complaint sufficiently alleges the factual nature of Plaintiff's expectation of privacy in her personal identification information, including her home addresses. See Complaint at ¶¶ 3, 37-38, 42-45. This factual issue is not otherwise subject to determination on a motion to dismiss. See North Star Intern., 720 F.2d at 590. Even if it were, Plaintiff alleges that Defendant covertly used Plaintiff's telephone number to look up Plaintiff's residential address and/or other personal identification information. Discovery will show that Plaintiff and other members of the Class did not believe or suspect that Defendant could or would obtain their residential addresses when they provided their respective telephone numbers to Defendant's cashiers at the point-of-sale.

### 3. Defendant's Collection of Plaintiff's Personal Identification Information in Violation of the Act Constitutes a Serious Invasion of Plaintiff's Privacy Interests.

The Complaint aptly pleads that Defendant's invasion was serious. "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." Hill, 7 Cal.4th at 37. Plaintiff alleges that Defendant unlawfully collected Plaintiff's personal identification information and subsequently gained Plaintiff's physical address information without her knowledge or consent, which intrusion was offensive and objectionable to Plaintiff.

¶3, ¶37, ¶44. Defendant's conduct effectively removed Plaintiff's right to control the dissemination of her home address information. This certainly constitutes a serious invasion of privacy, as Defendant unlawfully and surreptitiously gained the very information regarding Plaintiff that she is entitled to keep private.

### D.  Defendant's Motion To Strike Should Be Denied In Its Entirety.

Defendant argues that Plaintiff's class allegations should be struck from the Complaint based on the contention that the class definition is facially overbroad by including persons who have no claim for relief under the Act. The basis for Defendant's argument is its contention that the Act requires a showing that Defendant's request for personal identification information was made as a "condition to accepting the credit card as payment." As stated above in section III(A) *supra*, Defendant's argument is based on a misinterpretation of the plain language of the Act and disregards the clear holding of the seminal case of Florez. Simply put, there is no requirement that Plaintiff plead that Defendant's request was a condition to accepting her credit card as payment, as this is not an element of her claim under the Act. Because Defendant's motion to strike the class definition is premised on an incorrect argument that Plaintiff has not adequately alleged a violation of the Act, Defendant's motion to strike the class definition in this regard should be denied.

Defendant's Motion argues that Plaintiff's class allegations for invasion of privacy should be struck because Plaintiff fails to allege that each putative class member's respective phone number was "private" or that such was provided to Defendant involuntarily. Defendant's argument misses the mark. The Complaint adequately alleges that Defendant, by and through its "Information Capture Policy" intruded into a place or thing which was private and which Plaintiff and class members are entitled to keep private. ¶45. That Defendant's invasion into areas which are cognizably private was offensive and objectionable to Plaintiff, class members, and to a reasonable person of ordinary sensibilities. ¶44. Defendant's invasion was sufficiently serious in that after receiving consumers' personal identification information, Defendant performs a reverse search to match the consumer's name and telephone number with the consumer's previously unknown addresses, thereby giving Defendant access to its consumers'

addresses, all which is accomplished without the permission and knowledge of Plaintiff and the Class members. ¶47. It is clear that the Complaint sufficiently pleads a cause of action for invasion of privacy.

## IV.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Defendant's Motion be denied in its entirety.

Dated: July 14, 2008

LINDSAY & STONEBARGER

HARRISON, PATTERSON & O'CONNOR

By:   s/Gene J. Stonebarger
     Gene J. Stonebarger
     E-mail: gstonebarger@lindstonelaw.com
     Attorneys for Plaintiff and the Class