1  WRIGHT & L'ESTRANGE
2  John H. L'Estrange, Jr. (Bar No. 049594)
   jlestrange@wllawsd.com
3  401 West A Street, Suite 2250
   San Diego, CA 92101-8103
4  Phone (619) 231-4844
5  Fax     (619) 231-6710

6  KELLEY DRYE & WARREN LLP
7  Donna L. Wilson (Bar No. 186984)
   Marla H. Kanemitsu (Bar No. 220703)
8  Veronica D. Gray (*Pro Hac Vice*)
   3050 K Street, N.W., Suite 400
9  Washington, D.C. 20007
   Phone (202) 342-8400
10 Fax (202) 342-8451

11
   Attorneys for Defendant
12 LERNER NEW YORK, INC.

13

14                    UNITED STATES DISTRICT COURT
15                   SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| LESLIE JOHNSON, on behalf of herself and all others similarly situated, | CASE NO.: 08-cv-766-LAB-NLS |
| Plaintiff, | **DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE** |
| v. | |
| LERNER NEW YORK, a Delaware Corporation; and DOES 1 through 50, inclusive, | Date:     Monday, July 28, 2008<br>Time:     11:15 a.m.<br>Courtroom: 9 |
| Defendants. | |

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR, SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

CASE NO: 3:08-cv-00766-LAB-NLS

# ARGUMENT

## I. PLAINTIFF ARGUES FOR THE APPLICATION OF A LEGAL STANDARD THAT HAS BEEN OVERRULED

According to Plaintiff, her Complaint may only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle [her] to relief." Opp. at 3:22-24 (citations omitted). That standard has been expressly and unequivocally abrogated by the Supreme Court, in favor of the standard set forth in Defendant Lerner New York, Inc.'s ("Lerner" or "Defendant") Opening Brief. *See Bell Atl. v. Twombly,* -- U.S. --, 127 S.Ct. 1955, 1969 (2007). Plaintiff has failed to state a claim for violation of California Business & Professions Code section 17200 and invasion of a right to privacy afforded by the California Constitution, and therefore Counts II and III of the Complaint should be dismissed.

## II. PLAINTIFF'S SECTION 17200 CLAIM SHOULD BE DISMISSED FOR LACK OF STANDING AND/OR FAILURE TO STATE A CLAIM

Plaintiff's claim based on section 17200 of California's Unfair Competition Law ("UCL") should be dismissed for lack of standing because Plaintiff failed to allege a cognizable injury in fact. There is no question that Plaintiff must allege that she "suffered injury in fact and [] lost money or property" in order to have standing to bring a UCL claim. *See Branick v. Downey Sav. & Loan Ass'n*, 39 Cal. 4th 235, 240 (2006) ("[O]nly those private persons 'who [have] suffered injury in fact and [have] lost money or property' may sue to enforce the unfair competition and false advertising laws.") Indeed, Plaintiff concedes this point in her opposition. *See* Opp. at 5-6. To attempt to satisfy that threshold standing requirement, Plaintiff points to various allegations in her Complaint, including allegations that she has been exposed to a risk of identity theft and lost the monetary value of her address. *See id.* However, as amply demonstrated in Defendant's Opening Brief, under well-settled law none of Plaintiff's alleged injuries qualifies as an injury in fact. *See* Opening Br. at 5-7. Plaintiff does not even attempt to refute this overwhelming body of case law and fails to cite a single case to support

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER
SUPPORT OF MOTION TO DISMISS OR,
ALTERNATIVELY, MOTION TO STRIKE

-1-   CASE NO.: 08-cv-766-LAB-NLS

her allegation that her alleged injuries constitute injuries sufficient to confer standing.[1] *Compare* Opening Br. at 4-7 *with* Opp. at 6.

Contrary to Plaintiff's argument, the district court's decision in *Thompson* is directly on point. *See Thompson v. Home Depot, Inc.*, No. 07 CV 1058, 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007). In *Thompson*, the court rejected the argument that a consumer's personal information could constitute "lost money or property" under the UCL or that personal information had any compensable value in the economy at large. *See Thompson*, 2007 WL 2746603 at *3 (citing *In re Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 299, 327 (E.D.N.Y. 2005)). While Plaintiff here attempts to couch her allegations in different language, she makes the same flawed allegations advanced and rejected in *Thompson*.

Apparently recognizing these inherent flaws, Plaintiff somewhat confusingly switches gears mid-stream and argues, without support, that *any* violation of the UCL automatically gives rise to standing for private claims. *See* Opp. at 6-7. That argument is contradicted by the plain language of the statute. The UCL clearly states that any UCL claim "shall be prosecuted exclusively" by "person[s] who ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyns's, LLC*, 39 Cal. 4th 223, 227 (2006). Indeed, the UCL was specifically amended in 2004 to add this standing requirement. *See Branick*, 39 Cal. 4th at 240 (explaining that the UCL was amended in 2004 by Proposition 64 to provide that only individuals who have suffered an injury in fact have standing to bring a claim). The fact that the UCL allows the *Attorney General* (and similar governmental attorneys) to recover civil penalties for violations of the UCL does not support the contention that Plaintiff need not plead a cognizable injury. *See* Cal. Bus. & Prof. Code § 17206(a). Civil penalties are only recoverable by attorneys general and are therefore irrelevant to the standing analysis for claims

---

[1] Plaintiff cites *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798 (2007), for the general proposition that "standing under the UCL is analyzed under the same standing requirements as Article III of the United States Constitution," *see* Opp. at 5, but *Buckland* offers no support for Plaintiff's contention that her specific allegations constitute cognizable injuries.

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR, SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

-2-    CASE NO.: 08-cv-766-LAB-NLS

brought by private individuals. Likewise, the UCL provision permitting individuals to seek injunctive relief does not help Plaintiff, since that provision expressly requires that the individual plead an injury in fact to have standing to seek injunctive relief. *See* Cal. Bus. & Prof. Code § 17203 ("Any person may pursue representative claims or relief on behalf of others *only if the claimant meets the standing requirements of Section 17204*") (emphasis added).[2]

In sum, Plaintiff's interpretation would render the standing requirement for claims brought by private individuals set forth in sections 17203 and 17204 nugatory and would be contrary to the intent behind Proposition 64. Plaintiff failed to allege a cognizable injury and therefore her section 17200 claim should be dismissed.

### III. PLAINTIFF'S INVASION OF PRIVACY CLAIM SHOULD BE DISMISSED FOR LACK OF STANDING AND/OR FAILURE TO STATE A CLAIM

In her opposition, Plaintiff states for the first time that she does not seek recovery based on any of the four common law privacy torts. *See* Opp. at 7, Part C. Instead, Plaintiff asserts that the Complaint seeks recovery for an alleged violation of Plaintiff's right to privacy as set forth in Article I, Section 1 of the California Constitution. *Id.* Regardless of the type of privacy right alleged, Plaintiff's invasion of privacy claim fails as a matter of law.

#### A. Plaintiff's Invasion Of Privacy Claim Should Be Dismissed For Lack Of Standing

Plaintiff's invasion of privacy claim should be dismissed for lack of standing. Regardless whether Plaintiff's claim is premised on state common law or the California Constitution, Plaintiff must allege a legal injury in order to have Article III standing. "[T]he

---

[2] Plaintiff's citation to *Warth v. Seldin*, 422 U.S. 490, 500 (1975), is equally misplaced. *Warth* upheld the dismissal of plaintiffs' claims because, like here, they lacked standing due to the failure to allege a cognizable injury. *Warth*, 422 U.S. at 515. Plaintiff's reliance on *Starving Students, Inc. v. Department of Industrial Relations, Division of Labor Standards Enforcement*, 125 Cal. App. 4th 1357 (2005), is also a red herring. *Starving Students* involved a due process challenge to a statutory penalty which required a different analysis than that required here. *Starving Students* does not support the proposition that a plaintiff can recover under the UCL absent "lost money or property" because the underlying statute allows for statutory damages. As the UCL makes clear, standing requires an injury in fact.

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER
SUPPORT OF MOTION TO DISMISS OR,
ALTERNATIVELY, MOTION TO STRIKE

-3-    CASE NO.: 08-cv-766-LAB-NLS

core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To meet the constitutional minimum of standing, "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal citations and quotation marks omitted). As explained in Defendant's Opening Brief, Plaintiff's alleged "injuries" do not constitute "injuries in fact." Opening Br. at 4-7 (and cases cited therein). Plaintiff failed to cite any cases in her opposition that held to the contrary.

### B. Plaintiff's' Invasion Of Privacy Should Be Dismissed For Failure To Allege A Serious Invasion Of A Reasonable Expectation Of Privacy

Plaintiff's invasion of privacy claim also should be dismissed because Plaintiff did not allege a reasonable expectation of privacy in her personal information or a serious invasion of any privacy interest. The right of privacy afforded by the California constitution only protects an individual's *reasonable* expectation of privacy against a *serious* invasion. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 36-37 (1994). The California Supreme Court stated that whether a legally recognized privacy interest exists is a question of law, and whether the circumstances give rise to a reasonable expectation of privacy and a serious invasion thereof are mixed questions of law and fact. *Id.* at 40. "If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law." *Id.*

In this case, Plaintiff claims that her constitutional right to privacy was violated when Defendant allegedly used the Plaintiff's phone number to look up the Plaintiff's address without her consent. *See* Opp. at 9-10.[3] Plaintiff's invasion of privacy claim should be

---

[3] Plaintiff appears to base her invasion of privacy claim solely on the Defendant's acquisition of the Plaintiff's address information. *See, e.g.*, Opp. at 9 (arguing that the "reasonable expectation of privacy" element is satisfied because the Plaintiff and putative class members "did not believe or suspect that Defendant could or would obtain their residential addresses when they provided their respective telephone numbers to Defendant's cashiers"), 10 (arguing that the "serious intrusion" element is satisfied because Defendant allegedly "removed Plaintiff's right to control the dissemination of her home address information"). To the extent

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

-4-    CASE NO.: 08-cv-766-LAB-NLS

dismissed as a matter of law. First, the Plaintiff does not come close to alleging the type of "serious invasion" of a privacy interest necessary to state a claim for a constitutional violation. To be "serious" the invasion must constitute an "egregious" breach of social norms. *Hill*, 7 Cal. 4th at 37. Invasions that are not serious afford no cause of action. *Id.* "The extent and gravity of the invasion is an indispensable consideration in assessing an alleged invasion of privacy." *Id.* Courts have set a high standard for what constitutes a "serious invasion" of a privacy right.[4] An example of conduct seriously invading privacy is the stalking and filming of neighbors in their home. *See Egan v. Schmock*, 93 F. Supp. 2d 1090 (N.D. Cal. 2000). Another example of egregious conduct invading privacy is a law firm's disclosure of the irrelevant HIV status of a litigant in an automobile accident case. *See Jeffrety H. v. Imai, Tadlock & Keeney*, 85 Cal. App. 4th 345, 355 (2000). Courts routinely dismiss claims that do not satisfy this high standard. *See, e.g., Salazar v. Golden State Warriors*, No. C-99-4825, 2000 WL 246586 (N.D. Cal. Feb. 29, 2000) (dismissing claim where defendant allegedly surreptitiously videotaped plaintiff using high-tech surveillance equipment, including night-vision infrared high-powered lenses, while plaintiff was in his car at a wedding and was entering and leaving his home); *Felix v. State Comp. Ins. Fund*, No. SACV07-0061, 2007 WL 3034444 (C.D. Cal. Oct. 3, 2007) (dismissing claim where defendant allegedly listened in on plaintiff's private telephone conversations from the next office cubicle, because the alleged invasion was "not serious or 'highly offensive to a reasonable person'").

---

Plaintiff claims that the alleged request for Plaintiff's phone number also violated her right to privacy, that argument fails because the voluntary provision of information cannot form the basis of a constitutional privacy claim. *See Hill*, 7 Cal. 4th at 26. Even if Plaintiff believed the provision of her phone number was required to use her credit card, it does not change the fact that she voluntarily provided her phone number to Defendant. *Cf. Hill*, 7 Cal. 4th at 42-43 (holding that the NCAA's mandatory drug testing program did not violate the athletes' privacy rights because, *inter alia*, the athletes consented to the testing program).

[4] Assuming that a claimant has met the foregoing *Hill* criteria for invasion of a privacy interest, that interest is not absolute and must be measured against other competing or countervailing interests in a "'balancing test.'" *Id.* at 37. Here, Defendant has a competing free speech right that outweighs any invasion of Plaintiff's privacy rights.

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR, SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

-5-    CASE NO.: 08-cv-766-LAB-NLS

In this case, assuming there was an invasion of a privacy interest at all, it was not a "serious invasion." The Plaintiff merely alleges that Defendant obtained the Plaintiff's address; there are no allegations demonstrating that the Plaintiff suffered any resulting legal injury, *see supra*, that the "reverse search" for the Plaintiff's address was illegal, that Defendant sold the information to any third-parties, or that the Defendant even used the Plaintiff's address to send the Plaintiff anything in the mail. *See* Opp. at 6. To hold that the mere acquisition of a consumer's address is a "serious violation" of constitutional proportion would necessarily mean that *any* invasion of a privacy interest in an individual's address, no matter how small, is a "serious invasion." Such a holding would expand the tort beyond the limits established by the California Supreme Court. Indeed, it was concern over the avalanche of suits that would result if such a low threshold for constitutional claims was adopted that prompted the California Supreme Court to adopt the heightened "serious invasion" standard. *See Hill*, 7 Cal. 4th at 37.

Second, the Plaintiff's constitutional privacy claim should be dismissed because the Plaintiff did not have a "reasonable expectation" of privacy in her home address. Plaintiff's home address, as a matter of law, is not the type of information that carries an objectively reasonable expectation of privacy. A "reasonable expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms . . . and must be relative to the customs of the time and place, to the occupation of the plaintiff and to the habits of his neighbors and fellow citizens." *Id.* (internal quotations omitted) (citing Restatement (Second) of Torts, § 652D, com. c). Name and addresses are commonly found in publicly-available telephone directories, on the Internet, and even on envelopes. And nowhere does Plaintiff allege that she previously had taken steps to remove her address from the public domain.

The Plaintiff's assertion that her allegations rise to the level of "an egregious breach of societal norms" is further belied by the provisions of the California Data Breach Act, Cal. Civ. Code § 1798.82, *et. seq.* Under that Act, entities that inadvertently disclose or lose consumers' names, addresses, and phone numbers are not required to give the consumers notice

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR, SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

-6-    CASE NO.: 08-cv-766-LAB-NLS

of the data breach, although notice is required when sensitive information such as a consumer's social security number or health insurance information is lost or disclosed. *See id.* at § 1798.82(e)(1)-(5). Under the Plaintiff's position, such inadvertent disclosures would amount to constitutional violations, even though they are not even sufficiently "serious" to trigger the notice provisions under the Act. Such a result would be nonsensical.

*Planned Parenthood* and *Tien*, cited by Plaintiff, are inapposite. In *Planned Parenthood*, the alleged invasion of privacy was a court order compelling the disclosure of names and addresses of Planned Parenthood staff and volunteers. *See Planned Parenthood Golden State v. Superior Court*, 83 Cal. App. 4th 347 (2000). Noting that privacy interests can "vary widely in different settings," the court held that the staff and volunteers' privacy interests were "particularly potent in the context of a dispute relating to the ability of women to seek and obtain lawful services related to pregnancy." *Id.* at 359. Moreover, the court explained that the strength of a privacy interest "depends in large part on the consequences of disclosure," which in that case were "profound," involving a "real risk that Planned Parenthood's staff and volunteers could face unique and very real threats not just to their privacy, but to their safety and well-being if personal information about them [was] disclosed." *Id.* at 360-361. No such threat to Plaintiff is alleged here.

In *Tien*, the court did not hold that the home address and phone numbers, themselves, were private. *See Tien v. Superior Court*, 139 Cal. App. 4th 528, 539 (2006). In fact, defendant's counsel already had the names, addresses, and phone numbers of all class members. *Id.* Instead, the court held that the disclosure of the address and phone number of individuals who had contacted class counsel was a violation of those individual's privacy, because, *inter alia*, the reasonable expectation of privacy attached to communications with one's attorney. *Id.* at 540-41. Here, in contrast, there is no such privileged communications at issue, nor has Plaintiff alleged that her home address or phone number is uniquely private, or that she made any attempt to remove her information from the public domain. Accordingly, Plaintiff has failed to state a claim for violation of a constitutional right to privacy.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER
SUPPORT OF MOTION TO DISMISS OR,
ALTERNATIVELY, MOTION TO STRIKE

-7-   CASE NO.: 08-cv-766-LAB-NLS

Case 3:08-cv-00766-LAB-NLS    Document 13    Filed 07/21/2008    Page 9 of 10

**IV. DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS WITH RESPECT TO COUNT I**

Plaintiff withdraws without prejudice its motion to dismiss Count I of the Complaint for violation of the Song-Beverly Credit Card Act. Plaintiff also withdraws without prejudice its motion to strike the class allegations with respect to Count I.

<u>**CONCLUSION**</u>

For the reasons set forth above and in Defendant's Memorandum in Support of Defendant's Motion to Dismiss, or, In The Alternative, To Strike Class Allegations, Defendant respectfully requests that its Motion be granted with respect to Counts II and III of the Complaint.

DATED: July 21, 2008

KELLEY DRYE & WARREN LLP

and

WRIGHT & L'ESTRANGE

Attorneys for Defendant
LERNER NEW YORK

By: /s/ John L'Estrange, Jr
    John H. L'Estrange, Jr.
    jlestrange@wllawsd.com

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER
SUPPORT OF MOTION TO DISMISS OR,
ALTERNATIVELY, MOTION TO STRIKE

-8-

CASE NO.: 08-cv-766-LAB-NLS

## CERTIFICATE OF SERVICE

### LESLIE JOHNSON v. LERNER NEW YORK, et al.

U.S. District Court, Southern District, Case No.: 3:08-cv-00766-LAB-NLS

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is 401 West A Street, Suite 2250, San Diego, California 92101; and that I served the below-named persons the following documents:

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS OR, ALTTERNATIVELY, MOTION TO STRIKE**

in the following manner:

1. _____   By personally delivering copies to the person served.

2. _____   By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge.

3. _____   By placing a copy in a separate envelope, with postage fully prepaid, for only persons as indicated below and depositing each in the U.S. Mail at San Diego, California, on the date of this declaration.

4. _____   By placing a copy in a separate Federal Express envelope, addressed to the addressee(s) named below. I am readily familiar with the practice of this firm for collection and processing of correspondence for mailing by Federal Express. Pursuant to this practice, correspondence would be deposited in the Federal Express box located at 401 West A Street, San Diego, California 92101, in the ordinary course of business on the date of this declaration.

5. _____   By transmitting the document(s) via facsimile on the date of this declaration to only those persons as indicated below and that the transmission was reported as complete and without error. The phone number of the transmitting facsimile machine is (619) 231-6710.

6. _X___   By transmitting the document(s) via Notice of Electronic Filing through CM/ECF on the date of this declaration to those persons as indicated below.

The addressee(s) is (are) as follows:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene L. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>LINDSAY & STONEBARGER<br>A Professional Corporation<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>*Attorneys for Plaintiffs* | James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON PATTERSON & O'CONNOR<br>402 West Broadway, Suite 1905<br>San Diego, CA 92101<br>*Attorneys for Plaintiffs* |

I declare that I am employed by member of the bar of this court at whose direction the service was made. Executed on July 21, 2008.

s/John H. L'Estrange, Jr.
jlestrange@wllawsd.com

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR, SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

DEFENDANT'S REPLY MPA IN FURTHER SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

CASE NO: 3:08-cv-00766-LAB-NLS