# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JOHNSON, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br>   vs.<br><br>LERNER NEW YORK., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                            Defendants. | CASE NO. 08cv0766-LAB (NLS)<br><br>**ORDER FOLLOWING HEARING ON MOTION TO DISMISS OR TO STRIKE** |

On Monday, July 28, 2008, a hearing was held on Defendant's motion to dismiss or to strike. Pursuant to the Court's order of July 23, 2008, the hearing focused on the issue of the amount in controversy and whether the Court could or should exercise jurisdiction over this putative class action. For reasons discussed at the hearing, the Court **ORDERS** as follows:

Defendants shall, no later than **Monday, August 11, 2008**, file an additional motion to dismiss or strike class allegations as to Plaintiff's first claim for relief. Subject to the same time limitations, Plaintiff may, if she wishes, file a motion for remand. The parties' oppositions to the motions shall be filed no later than **Monday, August 25, 2008**. The parties are to communicate with each other and arrange to file their motions and oppositions

/ / /

on the same day. No replies to the oppositions are to be filed. The parties shall appear at a hearing on the motions on **Monday, September 8, 2008 at 12:00 noon.**

If Plaintiff files a motion for remand, she is encouraged to address the issues identified in *Saulic v. Symantec Corp.*, 2007 WL 5074883, slip op. (C.D.Cal. Dec. 26, 2007). Plaintiff is also requested to address discretionary remand under 28 U.S.C. § 1332(d)(3).

As discussed at the hearing, the Court will stay consideration of Defendant's pending motion to dismiss or strike until the hearing on September 8, after which the Court will rule on all motions.

As discussed at the hearing, the Court is mindful of its continuing obligation to examine its own jurisdiction. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). If there is any doubt whether jurisdiction exists, the action must be remanded to state court. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Therefore, if any question remains regarding whether the Court should remand or proceed in this matter, the parties advised the Court will order additional briefing.

**IT IS SO ORDERED**.

DATED: July 30, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge