1

2

3  WRIGHT & L'ESTRANGE
   John H. L'Estrange, Jr. (Bar No. 049594)
4  jlestrange@wllawsd.com
   401 West A Street, Suite 2250
5  San Diego, CA 92101-8103
   Phone (619) 231-4844
6  Fax    (619) 231-6710

7
   KELLEY DRYE & WARREN LLP
8  Donna L. Wilson (Bar No. 186984)
   Marla H. Kanemitsu (Bar No. 220703)
9  Veronica D. Gray (*Pro Hac Vice*)
   3050 K Street, N.W., Suite 400
10 Washington, DC 20007
   Phone (202) 342-8400
11 Fax (202) 342-8451

12
   Attorneys for Defendant
13 LERNER NEW YORK, INC.

14

15              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF CALIFORNIA
16

17 LESLIE JOHNSON, on behalf of
18 herself and all others similarly          CASE NO.: 08-cv-766-LAB-NLS
   situated,
19
                                             **DEFENDANT'S MEMORANDUM OF**
20            Plaintiff,                      **POINTS AND AUTHORITIES IN**
                                             **SUPPORT OF DISMISSAL OF**
21       v.                                   **COUNT I OR, IN THE**
                                             **ALTERNATIVE, STRIKING OF THE**
22 LERNER NEW YORK, a Delaware               **CLASS ALLEGATIONS**
23 Corporation; and DOES 1 through
   50, inclusive,                            Date:      September 8, 2008
24                                            Time:      12:00 p.m.
                                             Courtroom: 9
25            Defendants.

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR, SUITE
400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

                                             CASE NO: 3:08-cv-00766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
                    STRIKING OF THE CLASS ALLEGATIONS

1

2                           **TABLE OF CONTENTS**

3                                                                        Page

4    PRELIMINARY STATEMENT ............................................................................1

5    ARGUMENT ......................................................................................................3

6       I.     PLAINTIFF'S CLASS ALLEGATIONS WITH RESPECT

7              TO COUNT I SHOULD BE STRICKEN .........................................3

8             A.   Two Recent California Courts Of Appeal Have
                  Expressly And Unequivocally Rejected Plaintiff's

9                 Interpretation Of Section 1747.08(a)(2). ................................6

10            B.   Plaintiff's Interpretation Is Inconsistent With The
                  Legislative History Of Section 1747.08 ................................7

11

12            C.   Plaintiff's Reading Of Florez Creates An Avoidable
                  Conflict With AutoZone and TJX.............................................9

13            D.   On Its Face, Plaintiff's Complaint Cannot Be Certified

14                As A Class.......................................................................... 13

15      II.    PLAINTIFF FAILS TO STATE A CLAIM FOR
             VIOLATION OF SECTION 1747.8 OF THE SONG-

16           BEVERLY CREDIT CARD ACT................................................... 15

17   CONCLUSION........................................................................................... 16

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

1

2

**TABLE OF AUTHORITIES**

3

**CASES**

4

5

*Absher v. AutoZone, Inc.,* 164 Cal. App. 4th 332 (2008)..................... *passim*

6

7

*Aguilar v. Allstate Fire & Cas. Ins. Co.,* No. 06-cv-4660,
   2007 WL 734809 (E.D. La. Mar. 6, 2007).............................. 3-4

8

9

*Arabian v. Sony Electronics,* No. 05-cv-1741, 2007 WL 2701340
   (S.D. Cal. Sept. 13, 2007)...................................................4

10

11

*Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007)...........................3, 15

12

13

*County of Santa Clara v. Superior Court,* 161 Cal. App. 4th 1140
   (2008)...........................................................................11

14

*Fireman's Fund Ins. Co. v. Md. Cas. Co.,* 65 Cal. App. 4th 1279, 1300-01
   (1998)...........................................................................11

15

*Florez v. Linens n' Things,* 108 Cal. App. 4th 447 (2003) ................... *passim*

16

17

*General Telegraph Co. of Southwest v. Falcon,* 457 U.S. 147 (1982) ...........3

18

19

*Kamm v. California City Development Corp.,* 509 F.2d 205 (9th Cir.
   1975)............................................................................3

20

21

*Korn v. Polo Ralph Lauren Corp.,* No. 07-cv-02745, 2008 WL
   2225743 (E.D. Cal. May 28, 2008) .........................................12

22

23

*Morris v. City of Charlottesville,* No. 300CV0029, 2001 WL 743771
   (W.D. Va. July 3, 2001) ....................................................14

24

25

*Read v. Input/Output, Inc.,* No. Civ.A-H-05-0108, 2005 WL 2086179
   (S.D. Tex. Aug. 26, 2005) ..................................................4

26

*Sidney-Vintein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983) ..........4

27

*Stubbs v. McDonald's Corp.,* 224 F.R.D. 668 (D. Kan. 2004)............3, 14, 15

28

*Thornton v. State Farm Mut. Auto Ins. Co.,* No. 1:06-cv-00018, 2006 WL
   3359482 (N.D. Ohio Nov. 17, 2006).......................................4

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

ii

*TJX Companies, Inc. v. Superior Court*, 163 Cal. App. 4th 80
    (2008) ................................................................................ *passim*

*U.S. National Bank of Oregon v. Independent Insurance Agents of
America, Inc.*, 508 U.S. 439 (1993) ............................................11

## STATUTES

Cal. Civ. Code § 1747.08 .......................................................... *passim*

D.C. Code § 47-3153 ....................................................................... 8

11 Del. Code § 914 .......................................................................... 8

Minn. Stat. Ann. § 325F.982 .......................................................... 8

Fed. R. Civ. P. 12(h)(3) .................................................................. 4

Fed. R. Civ. P. 23(a) ..................................................................... 14

Fed. R. Civ. P. 23(d)(1) .................................................................. 1

58 Cal. Jur. 3d Statutes § 111 ........................................................ 9

## MISCELLANEOUS

Cal. Leg. Counsel Op. No. 0609901, Retail Sales: Return Policies............... 8

Cal. Leg. Serv. on AB 1316, Chapter 458 (1995) ........................................ 8

Cal. Assem. Comm. on Fin. & Ins. Report on AB 2920, May 8, 1990 .......... 7

Cal. Senate Comm. on Judiciary Report on AB 1477, July 16, 1991 ......... 7, 8

Cal. Assem. Comm. on Fin. & Ins. Report on AB 1477, May 21,
    1991 ..................................................................................... 7-8

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

1

2       At a July 28, 2008 hearing, this Court directed Defendant Lerner

3   New York, Inc. ("Defendant" or "Lerner") to submit a memorandum of points

4   and authorities in support of dismissal of Count I of the Complaint pursuant to

5   Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, striking the class

6   allegations with respect to Count I pursuant to Federal Rules of Civil Procedure

7   12(f) and 23(d)(1), in part for purposes of determining the Court's jurisdiction

8   over this putative class action pursuant to the Class Action Fairness Act, 28

9   U.S.C. §§ 1332(d)(2) and 1453(b).[1]  For the reasons set forth below, Count I of

10  the Complaint should be dismissed and/or its class allegations should be stricken,

11  because this putative class action does not meet Rule 23's requirement of

12  commonality, superiority, typicality, and predominance, and therefore class

13  certification is precluded as a matter of law.  Given that Counts II and III of the

14  Complaint and their class allegations similarly should be dismissed and/or

15  stricken, *see generally* Def. Mem. and Reply Mem., remand to state court may be

16  ordered in this Court's discretion.

17                          **PRELIMINARY STATEMENT**

18      The gist of Count I of Plaintiff Leslie Johnson's ("Plaintiff" or

19  "Johnson") Complaint is that she is entitled to up to $1,000 in statutory penalties

20  (in addition to attorneys' fees) because, while she was in a checkout line, a Lerner

21  cashier allegedly asked for her phone number at the point of sale.  Such a request,

22

23  _____

[1]      Currently pending before the Court is Lerner's motion to dismiss
24  Counts II and III of the Complaint, or, in the alternative, to strike the class
25  allegations pertaining to those counts.  While Lerner initially moved to dismiss
    and/or to strike the class allegations of Count I of the Complaint, Lerner withdrew
26  that portion of the motion pursuant to its amended notice of motion.  Lerner
27  submits this memorandum in response to the Court's request for additional
    briefing to assist the Court in its consideration of its subject matter jurisdiction.
28  Per the Court's direction, this memorandum substantively addresses only Count I
    of Plaintiff's Complaint.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

1

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

1

2

3     according to Count I of Plaintiff's Complaint, violates Section 1747.08(a) of the

4     Song-Beverly Credit Card Act. *See* Cal. Civ. Code § 1747.08.[2] Plaintiff seeks to

5     represent a class of all persons in the state of California who allegedly were asked

6     for phone numbers when they made a purchase using a credit card at one of

7     Defendant's stores. *See* Compl. at ¶ 22. Notably, Plaintiff does not allege that

8     she or any class member suffered any legally cognizable injury whatsoever as a

9     result of the alleged request for their phone numbers. *See* Def. Mem. at 4-8;

      Reply Mem. at 3-4.

10         Pursuant to Rules 12(f) and 23(d)(1), Plaintiff's class allegations

11    under Count I should be stricken or dismissed, because, as a matter of law,

12    Plaintiff's class cannot be certified. As two recent California Court of Appeal

13    decisions make clear, Section 1747.08(a)(2) applies only to requests for personal

14    information made as a condition to accepting the credit card as payment. *See*

15    *Absher v. AutoZone, Inc.*, 164 Cal. App. 4th 332 (2008); *TJX Companies, Inc. v.*

16    *Superior Court*, 163 Cal. App. 4th 80 (2008). However, Plaintiff does not so

17    limit her class definition. To the contrary, while she alleges as to herself that she

18    "believed she was required to provide her telephone number to complete her

19    transaction," Plaintiff does not make an equivalent allegation as to the individual

20    putative class members. *Compare* Compl. ¶ 17 *with* ¶¶ 22-28. However, even if

21    _____

22    [2]        Section 1747.08(a) provides, in relevant part and with certain
      exceptions, that any company that accepts credit cards for the transaction of

23    business may not:

24         Request[], or require[e] as a condition to accepting the
           credit card as payment in full or in part for goods or

25         services the cardholder to provide personal identification
           information, which the [company] accepting the credit

26         card writes, causes to be written, or otherwise records
           upon the credit card transaction form or otherwise.

27

28

      Cal. Civ. Code § 1747.08(a)(2).

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

2

1

2

3   she were to amend her Complaint to include such an allegation as to each member

4   of the putative class, such a class could not as a matter of law meet the

5   commonality, predominance, typicality, and superiority requirements of Rule 23.

6       In addition, Plaintiff's cause of action under Section 1747.08(a)

7   should be dismissed pursuant to Rule 12(b)(6).  Plaintiff alleges that Defendant

8   "requested personal identification information from Plaintiff in the form of

9   Plaintiff's telephone number" without informing Plaintiff that there would be any

10  consequences if she declined to provide her telephone number. *See* Compl. ¶ 17.

11  Those allegations are factually insufficient to state a claim under the pleading

12  standards established in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965

13  (2007).

## ARGUMENT

14

15  **I.   PLAINTIFF'S CLASS ALLEGATIONS WITH RESPECT TO COUNT I SHOULD BE STRICKEN**

16      Pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1),

17  Plaintiff's class allegations should be dismissed on the pleadings.  Where it is

18  clear on the face of the complaint that class treatment would be improper, a court

19  may properly strike class allegations at the outset of the litigation. *See Gen. Tel.*

20  *Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are

21  plain enough from the pleadings to determine whether the interests of the absent

22  parties are fairly encompassed within the named plaintiff's claim"); *Kamm v. Cal.*

23  *City Dev. Corp.*, 509 F.2d 205, 212 (9th Cir. 1975) (holding district court did not

24  abuse its discretion by ruling against class certification on the pleadings and

25  without discovery); *accord, e.g., Stubbs v. McDonald's Corp.*, 224 F.R.D. 668,

26  674 (D. Kan. 2004) ("Federal courts have used motions to strike to test the

27  viability of a class at the earliest pleading stage of the litigation."); *Aguilar v.*

28  *Allstate Fire & Cas. Ins. Co.*, No. CIVA 06-4660, 2007 WL 734809, at *2 (E.D.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

1

2  La. Mar. 6, 2007) ("[A] court may strike class allegations under Rule 23(d)(4)

3  where a complaint fails to plead the minimum facts necessary to establish the

4  existence of a class satisfying Rule 23's mandate."); viability of a class at the

5  earliest pleading stage of the litigation."); *Read v. Input/Output, Inc.*, No. Civ.A-

6  H-05-0108, 2005 WL 2086179, at *2 (S.D. Tex. Aug. 26, 2005) ("The Court has

7  authority to strike class allegations under both Federal Rules of Civil Procedure

8  12(f) (as 'immaterial' allegations) and 23(d)(4).").[3]

9          Where intractable problems barring class treatment appear from the

10  outset, neither courts nor litigants should be burdened with wasteful discovery

11  and class certification expense. *See, e.g., Sidney-Vintein v. A.H. Robins Co.*, 697

12  F.2d 880, 885 (9th Cir. 1983) ("function of a 12(f) motion to strike is to avoid the

13  expenditure of time and money that must arise from litigating spurious issues by

14  dispensing with those issues prior to trial"); *Thornton v. State Farm Mut. Auto*

15  *Ins. Co.*, No. 1:06-cv-00018, 2006 WL 3359482, at *4 (N.D. Ohio Nov. 17, 2006)

16  (granting motion to strike plaintiff's class allegations when "[n]o point would be

17  served by further discovery" and when "any discovery would only further reveal

18  that [plaintiff's] claims are not appropriate for class treatment.").

19          Here, Plaintiff seeks to represent a class consisting of "all persons in

20  California from whom Defendant requested and recorded personal identification

21  information in conjunction with a credit card transaction."  Compl. at ¶ 22.

22  Although Plaintiff alleges as to herself that she "believed she was required to

23  provide her telephone number to complete her transaction," Plaintiff makes no

24

25  _____

26  [3]        Where the basis of removal to federal court is the Class Action
    Fairness Act, as it is here, a court granting a motion to strike the class allegations
27  may remand the case back to state court. *See Arabian v. Sony Electronics*, No.
    05-cv-1741, 2007 WL 2701340 (S.D. Cal. Sept. 13, 2007) (holding that once a
28  class is decertified, jurisdiction under CAFA ceases to exist and dismissal
    pursuant to Fed. R. Civ. P. 12(h)(3) is appropriate).

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

4

CASE NO.:  08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

1

2

3   such allegation with respect to the individual putative class members. *Compare*

4   Compl. ¶ 17 *with* ¶¶ 22-28.  That omission is fatal to her class claims.

5            According to Plaintiff, no such allegation is required with respect to

6   the putative class members because "it is clear from the express language of

7   1747.08(a)(2) that a merchant who 'accepts credit cards for the transaction of

8   business' **may neither** '*request*' that the cardholder 'provide personal

9   identification information' in conjunction with the use of a credit card, **nor may

10  it** '*require as a condition to accepting the credit card as payment in full or in part

11  for goods or services*' that the cardholder 'provide personal identification

12  information.'"  Pl. Opp. at 4 (emphases in original).  In other words, Plaintiff

13  contends that the clause "as a condition to accepting the credit card as payment in

14  full or in part for goods or services" only modifies the word "require," not the

15  word "request."  On the basis of that statutory interpretation, Plaintiff contends

16  that she "need not allege or prove that Defendant's request for [her and the

17  putative class members'] personal identification information was a *condition* to

18  accepting [their] credit card as payment."  Pl. Opp. at 5 (emphasis in original).

19           As set forth below, two separate decisions by the California Courts

20  of Appeal (Fourth and Second Districts) have rejected Plaintiff's interpretation of

21  Section 1747.08(a)(2), and expressly and unequivocally held that only "requests"

22  made "*as a condition to accepting the credit card as payment*" fall within the

23  scope of the Act.  Plaintiff did not allege with respect to each of the putative class

24  members that Lerner's alleged requests for personal information were made "as a

25  condition to accepting the credit card as payment," or even that the class members

26  *believed* their personal information was required.  Accordingly, Plaintiff's class

27  allegations should be stricken or dismissed.

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

5

CASE NO.:  08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A.    Two Recent California Courts Of Appeal Have Expressly And Unequivocally Rejected Plaintiff's Interpretation Of Section 1747.08(a)(2).**

Two separate California courts of appeal recently rejected the same flawed interpretation of Section 1747.08(a)(2) that Plaintiff advances here.   In *Absher v. AutoZone, Inc.*, as here, the plaintiff argued that "the qualifying phrase 'as a condition to accepting the credit card as payment' applies only to 'require,' not to 'request.'"  164 Cal. App. 4th at 344.  The *AutoZone* plaintiff "focuse[d] on the placement of a comma after the word 'request' and before the words 'or require' at the beginning of both subdivisions (a)(1) and (a)(2)" to argue that Section 1747.08 applies to credit card refund transactions.  *Id.*  Acknowledging that "the punctuation in subdivisions (a)(1) and (a)(2) is not punctilious," the Second District squarely rejected the plaintiff's broad interpretation, concluding that Section 1747.08 can *only* be violated if the request for information is "a condition precedent to accepting payment by credit card."  *See id.* at 343-44.

Similarly, in *TJX Companies, Inc. v. Superior Court*, the Fourth District rejected the same interpretation Plaintiff Johnson advances here:[4]  "Real party argues, based on the placement of a comma immediately following the word 'request,' that subdivisions (1) and (2) must be read to include merchandise returns.  But these subdivisions are expressly limited to use of credit cards as 'payments.'"   163 Cal. App. 4th 80, 88 (2008).   In other words, the word

---

[4]    The plaintiffs in *AutoZone* and *TJX* advanced this interpretation in support of their claim that Section 1747.08(a) applies to refund transactions, as well as purchase transactions.  In holding that return transactions are not encompassed by the statute, both the *AutoZone* and *TJX* courts were required to, and did, address the statutory interpretation Plaintiff advances here.  Indeed, in both appeals, the courts' rejection of that statutory interpretation was at the core of their holdings.  *Compare generally Florez v. Linens n' Things,* 108 Cal. App. 4th 447 (2003).

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

6

CASE NO.:  08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"request" is limited by the clause "as a condition to accepting the credit card as payment." *Id.* at 87.

**B.    Plaintiff's Interpretation Is Inconsistent With The Legislative History Of Section 1747.08**

Plaintiff's interpretation of Section 1747.08(a) also contravenes its legislative history.  Prior to 1991, the statute prohibited requiring the cardholder to provide personal identification information as a condition to accepting the credit card.  *See* AB 2920 (subsection (a)(2) reads: "Require the cardholder, as a condition to accepting the credit card, to provide personal identification information . . . .").  The Legislature made clear that the statute did "not forbid a merchant from requesting personal information from a credit card user, and the user voluntarily providing the information." Cal. Assem. Comm. on Fin. & Ins. Report on AB 2920, May 8, 1990, at 2.

In 1991, Section 1747.08(a) was amended to add language prohibiting companies from "requesting" consumers' personal information as a condition to accepting the credit card "as payment in full or in part for goods or services."[5]  The legislative history makes clear that the 1991 amendment was designed only to "clean up" and "clarify" the statute, not exponentially expand its reach.  *See* Cal. Senate Comm. on Judiciary Report on AB 1477, July 16, 1991 at 4 ("This bill would *clarify* that persons *may neither require nor request, as a condition to accepting the credit card*, the taking or recording of personal identification information from the cardholder" (emphases added); *see also id.* ("The purpose of this bill is to make minor, technical and clarifying changes" to AB 2920); Assem. Comm. on Fin. & Ins. Report on AB 1477, May 21, 1991 at 3

---

[5]    A comparison of the pre- and post-amendment versions of Section 1747.08(a) is attached hereto as Exhibit A.

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR, SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

CASE NO.:  08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE, STRIKING OF THE CLASS ALLEGATIONS

(same).[6]   Consistent with *AutoZone* and *TJX*, the Legislature repeatedly stated that the terms "require" and "request" were to be limited by the phrase "as a condition to accepting the credit card."   *See* Cal. Senate Comm. on Judiciary Report on AB 1477, July 16, 1991 at 4 ("This bill would *clarify* that persons *may neither require nor request, as a condition to accepting the credit card*, the taking or recording of personal identification information from the cardholder") (emphases added); Assem. Comm. on Fin. & Ins. Report on AB 1477, May 21, 1991 at 3 (same); *see also* Cal. Leg. Counsel Op. No. 0609901, Retail Sales: Return Policies, at 4 ("Section 1747.08 generally prohibits [retailers] from *requesting or requiring a cardholder, as a condition of accepting the credit card . . . to provide this information for the retailer*") (emphasis added); 1995 Cal. Legis. Serv. Ch. 458 (A.B. 1316), at ¶ 2 (Sept. 5, 1995) (interpreting section 1747.08 as prohibiting retailers from "requesting or requiring . . . personal identification information . . . , as a condition of acceptance of a credit card").

---

[6]      Plaintiff's interpretation contravenes the principle that statutes should be read in accordance with parallel statutes of other jurisdictions. *See* 2B Sutherland Statutory Construction § 52:3 (6th ed.).   Such other statutes prohibit requests for personal information as a condition to credit card transactions, suggesting that California, too, intended the term "request" to be modified by "as a condition to accepting the credit card." *Accord, e.g.*, D.C. Code § 47-3153 (*"no person shall, **as a condition of accepting a credit card** as payment for a sale of goods or services, **request** or record the address or telephone number of a credit card holder on the credit card transaction form."*) (emphases added); 11 Del. Code § 914 ("***as a condition of accepting a credit card*** as payment for consumer credit, goods, realty, or services, a person may not write down or ***request*** to be written down the address and/or telephone number of the credit card holder on the credit card transaction form.") (emphases added); Minn. Stat. Ann. § 325F.982 ("A person may not write down or ***request*** to be written down the address or telephone number of a credit cardholder on a credit card transaction form ***as a condition of accepting a credit card*** as payment for consumer credit, goods, or services") (emphases added).

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

8

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

However, according to Plaintiff, the 1991 amendment vastly expanded the scope of liability by not simply prohibiting the requiring of information "as a condition to accepting the credit card," but also prohibiting *any and all* requests for personal identification information from cardholders, without limitation. Plaintiff's interpretation, if upheld, would subject a retailer to liability even when the retailer expressly tells the consumer that the information is voluntary and *not* a condition precedent to the credit card transaction.[7] Such a result I contrary to *Autozone, TJX,* and the legislative history.

**C.    Plaintiff's Reading Of *Florez* Creates An Avoidable Conflict With *AutoZone* and *TJX***

Equally flawed is Plaintiff's similarly overbroad reading of *Florez v. Linens n' Things,* 108 Cal. App. 4th 447 (2003). In *Florez,* and contrary to Plaintiff's assertions, the court addressed the "narrow issue" of "whether the predecessor of Section 1747.08 allowed a merchant to request personal identification information from a customer before the customer announced his or her preferred method of payment." *AutoZone,* 164 Cal. App. 4th at 346; *compare* Pl. Opp. at 4 ("In the *Florez* case, the retailer argued that if the request for a customer's telephone number was not a condition of the sale, then Section 1747.08(a)(2) was not violated."). On a motion for demurrer, the *Florez* court answered in the negative.

Read properly, *Florez*'s holding is consistent with *AutoZone* and *TJX.* Under Section 1747.08(a)(2), the fact that a plaintiff alleges that a retailer

---

[7]    Plaintiff's interpretation raises obvious constitutional issues, including the First Amendment's right to free speech and free association, and in the event Plaintiff's interpretation is adopted, Lerner reserves its rights. *See* 58 Cal. Jur. 3d Statutes § 111. However, Plaintiff's interpretation also violates a cardinal rule of statutory interpretation: that a legislature is presumed to act constitutionally, and therefore its statutes must be given an interpretation consistent with the Constitution. *Id.*

9

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE, STRIKING OF THE CLASS ALLEGATIONS

1

2    requested her personal information before she announced her method of payment

3    does not preclude that plaintiff from stating a claim under Section 1747.08(a),

4    because the plaintiff still could have perceived the request as a condition to

5    accepting the credit card as payment. *See, e.g., Florez*, 108 Cal. App. 4th at 451.

6    As the *Florez* court stated:

7

8            [W]e note section 1747.8 is a consumer protection
        statute, and the retailer's request for personal

9            identification information must be viewed from the
        customer's standpoint. In other words, the retailer's

10           unannounced subjective intent is irrelevant. What does
        matter is whether a consumer would *perceive* the store's

11           "request" for information as a "condition" of the use of a

12           credit card.

13    *Id. See also id.* ("We note that nothing prevents a retailer from soliciting a

14    consumer's address and telephone number for a store's mailing list, if that

15    information is provided voluntarily."); *id.* at 452 (Section 1747.8 "prohibit[s] the

16    solicitation of information obtained under the false pretense that the transaction

17    cannot or will not be completed without it.").

18            Plaintiff, however, relies on certain of the *Florez* court's

19    observations of the legislative history to argue that any request for information,

20    even if the customer initiates the request (e.g., "could you notify me of upcoming

21    sales?") or if the information is voluntarily provided, or the customer is expressly

22    told that the information is not required as a condition precedent to the credit card

23    transaction, subjects a merchant to up to $1,000 in statutory penalties per request.

24    *See* Pl. Opp. at 4-5. Apart from the fact that the observations cited by Plaintiff

25    contradict other observations made by the *Florez* court, those observations,

26    however, were colored by the mistaken (and somewhat oblique) assumption that

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

the clause "as a condition of accepting the credit card as payment" did not modify the word "request."[8]

Moreover, Plaintiff's reliance on such dicta is misplaced.    As California and other courts recognize, "'[i]n every case, it is necessary to read the language of an opinion in light of its facts and the issues raised, in order to determine which statements of law were necessary to the decision, and therefore binding precedent, and which were generally observations unnecessary to the decision.   The latter are dicta, with no force as precedent.'"   *County of Santa Clara v. Superior Court*, 161 Cal. App. 4th 1140, 1151 (2008) (quoting *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65 Cal. App. 4th 1279, 1300-01 (1998)); *accord, e.g., U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 113 S. Ct. 2173 (1993).   Here, it is clear that the statements on which Plaintiff relies are "observations" unnecessary to the resolution of the "narrow" issue presented.   *See, e.g., Florez*, 108 Cal. App. 4th at 453 ("[T]he legislative intent *suggests* the 1991 amendment simply clarified that a 'request' for personal information was prohibited if it immediately preceded the credit card transaction, *even if the consumer's response was voluntary and made only for marketing purposes*.") (quoted in Pl. Opp. at 5 (emphasis added)); *id* at 453 ("*In effect*, the 1991 amendment prevents a retailer from making an end-run around the law by claiming the customer furnished personal data 'voluntarily.'") (emphasis added) (quoted in Pl. Opp. at 5).

---

[8]       The use of italics by the *Florez* court reflects its statutory interpretation, which was not necessary to its holding and conflicts with *TJX* and *Autozone*. *Compare Florez*, 108 Cal. App. 4th at 450 ("*Request*, or require as a condition to accepting the credit card as payment in full or in part for goods or services, *the cardholder to provide personal identification information . . . .*") (quoting Section 1747.08(a)(2), emphasis in original), *with AutoZone*, 164 Cal. App. 4th at 344, *and TJX*, 163 Cal. App. 4th at 87-88.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

1

2

3    More importantly, Plaintiff's reading of *Florez* must be rejected to

4   the extent it conflicts with *AutoZone* and *TJX*. According to Plaintiff, *Florez*

5   supports the position that "it is the mere 'request' for information and the

6   merchant's recording of the same in conjunction with a credit card transaction

7   that constitutes a violation of the Act," and therefore Plaintiff need not allege or

8   prove that the request was "a *condition* to accepting her credit card as payment."

9   Pl. Opp. at 5.[9]  Such a position squarely contradicts the interpretation of Section

10  1747.08 reached by both *AutoZone* and *TJX*. Properly read, *Florez* held that an

11  alleged request for personal information made before the customer announced her

12  method of payment could state a claim under Section 1747.08. And again, such a

13  holding is consistent with *AutoZone* and *TJX*, regardless whether or not one reads

14  the word "request" as being limited by the phrase "as a condition to accepting the

     credit card as payment."[10]

15

16  _____

[9]      Neither *AutoZone* nor *TJX* had been decided when Defendant Lerner
17  filed its motion to dismiss in this Court on May 5, 2008. When Plaintiff filed its
    opposition brief on July 14, 2008, both *AutoZone* and *TJX* had been issued.
18  Plaintiff relies only on *Florez* in opposing the dismissal of Count I and the
    striking of its class allegations. *See generally* Pl. Opp. at 4-5, 10.
19
[10]     Section 1747.08(a) also was discussed in another recent case, *Korn*
20  *v. Polo Ralph Lauren Corp.*, No. 07-cv-02745, 2008 WL 2225743 (E.D. Cal.
    May 28, 2008). In *Korn*, the court addressed only whether the plaintiff stated a
21  claim under Rule 12(b)(6), and did not have a motion to strike the class
    allegations pursuant to Rules 23(b) and 12(f) before it. *See generally Korn*, 2008
22  WL 2225743. Significantly, the *Korn* court did not have the benefit of *AutoZone*
    when it issued the decision, nor did it have the benefit of the parties' briefing on
23  the relevance of *TJX* as to the issue of whether only requests made as a condition
24  of accepting the credit card as payment constitute violations of Section 1747.08.
    *TJX* was issued after the parties in *Korn* had completed briefing, and indeed, that
25  court's discussion of that latter issue makes no mention of *TJX*. Nonetheless,
26  even with just *Florez* before it, the *Korn* court acknowledged that the plaintiff
    might be required to establish an actual subjective belief that the defendant
27  requested the information as a condition of accepting the credit card as payment.
    *See id.* at 4.
28

KELLEY DRYE &
WARREN LLP
Washington Harbour,
Suite 400
3050 K Street, NW
Washington, DC 20007-5108

12

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

1

2    **D.    On Its Face, Plaintiff's Complaint Cannot Be Certified As A**
3         **Class**

4         Plaintiff's class allegations cannot stand, and, as a matter of law, a
5    class cannot be certified.    As demonstrated above, Section 1747.08(a)(2)
6    "prohibits merchants from [1] requesting or requiring credit card customers to
7    provide personal identification information – [2] *as a condition precedent to*
8    *accepting payment by credit card* – [3] so that the merchant can write the
9    information on the credit card form." *AutoZone*, 164 Cal. App. 4th at 344
10   (emphasis added).

11        First, the class is impermissibly overbroad as presently pled.
12   Plaintiff defines the class as "all persons in California from whom Defendant
13   requested and recorded personal identification information in conjunction with a
14   credit card transaction."    Compl. at ¶ 22.    She does not limit the class to
15   consumers who, like Plaintiff, are alleged to have believed that the Defendant's
16   requests were made "as a condition precedent to accepting payment by credit
17   card." *See* Compl. ¶ 17.    Accordingly, the class necessarily includes individuals
18   who *knew* that the information was not required but provided it *voluntarily* –
19   individuals who, the case law and legislative history make clear, have no claim
20   under Section 1747.08(a)(2). *See supra.*

21        Second, even if Plaintiff amended her Complaint to define the class
22   to include only consumers who believed that they were required to provide their
23   information in order to complete the transactions, such a class could not be
24   certified.    Plaintiff bears the burden of showing that the allegations pled in the
25   Complaint, if proven, would satisfy all of the requirements of Rule 23(a) and
26   (b)(3) (she does not seek injunctive relief with respect to Count I), even when the
27   defendant challenges the class allegations on a motion to strike. *See, e.g.*, *Stubbs*
28   *v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) (striking class
     allegations since individual claims would turn on unique facts or circumstances or

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

13

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

would be subject to unique defenses and thus make class treatment an improper method adjudication in the case). "If the court determines that the prerequisites of Rule 23 are not satisfied, then the court may issue an order requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons." *Id.* (quotation marks and citations omitted). Here, Plaintiff cannot satisfy her burden of establishing that her class as pled meets Rule 23's commonality, superiority, typicality and predominance requirements. *See* Fed. R. Civ. P. 23(a), (b)(3).

Even if Plaintiff alleged that each putative class member believed that she was required to provide her information in order to complete the transaction, the need to establish the subjective beliefs of each putative class member would overwhelm any common issues in this case and therefore would defeat class certification as a matter of law. *See, e.g., Stubbs*, 244 F.R.D. at 675; *Morris v. City of Charlottesville*, No. 300CV0029, 2001 WL 743771, at *4-5 (W.D. Va. July 3, 2001) (striking class allegations from the pleadings when the class definition called for the inclusion of all African-American city employees since "such a class as broad as that defined by plaintiffs fail[ed] to meet the commonality and typicality requirements.").

Moreover, even if the objective (rather than subjective) intent of each class member was the standard, the factual circumstances of each transaction would differ significantly. For example, some consumers may offer their information in order to obtain promotional offers and other benefits. Other consumers may be advised that providing their personal information is not necessary, but the consumers respond by voluntarily providing the information. Some consumers might even be aware of Section 1747.08, but want to be contacted by the retailer. As a result, mini-trials would be required in which each transaction would have to be reviewed to determine whether the reasonable

14

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

CASE NO.: 08-cv-766-LAB-NLS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF COUNT I OR, IN THE ALTERNATIVE,
STRIKING OF THE CLASS ALLEGATIONS

consumer would perceive the provision of information as a condition of the credit card sale with respect to each transaction. Accordingly, Plaintiff's claim and the class claims could not be sufficiently interrelated such that the commonality, superiority, and predominance factors would be satisfied. *See, e.g., Stubbs*, 224 F.R.D. at 675-76.

Because Plaintiff did not and cannot define and allege sufficient facts with respect to a certifiable class, the class allegations with respect to Count I should be stricken.

## II.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION 1747.8 OF THE SONG-BEVERLY CREDIT CARD ACT

Plaintiff alleges that she provided personal information to Lerner that Lerner then recorded, but does not allege that Lerner requested this information "as a condition to accepting the credit card as payment," as Section 1747.08(a)(2) requires. Instead, Plaintiff makes the bare and conclusory allegation that "she believ[ed] that she was required to provide her telephone number to complete the transaction," Compl. at ¶ 17, but even there, fails to allege any facts to support such a belief in order to make her claim "plausible." *Twombly*, 127 S. Ct. at 1974. For example, Plaintiff does not allege that the cashier told her that the transactions would not be completed unless Plaintiff provided the information, nor does Plaintiff allege that the cashier informed her that Lerner would rather abandon the transaction (and forego her patronage) than proceed without having obtained her personal information. To the contrary, Plaintiff alleges that the cashier never informed her there would be any consequences if she declined to provide the information. *See* Compl. at ¶ 17. Under *Twombly*, such bare allegations are insufficient to state a claim under Section 1747.08(a)(2).

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

1

2

## **CONCLUSION**

3

4          For the reasons set forth above, Count I of Plaintiff's Complaint

5   should be dismissed and/or its class allegations stricken or dismissed and remand

    to state court ordered.

6

7   DATED:  August 11, 2008                    KELLEY DRYE & WARREN LLP

8                                                               and

9                                              WRIGHT & L'ESTRANGE

10

11                                             Attorneys for Defendant
                                               LERNER NEW YORK

12

13                                             By: /s/ John L'Estrange, Jr.

14                                                  John H. L'Estrange, Jr.
                                                    jlestrange@wllawsd.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007-5108

16

# EXHIBIT A

**1990 Version**

SECTION 1.  Section 1747.8 is added to the Civil Code, to read:

1747.8.  (a)  Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do any of the following:

**(1)** Require the cardholder, as a condition to accepting the credit card, to provide personal identification information upon the credit card transaction form or otherwise.

**(2)** Require the cardholder, as a condition to accepting the credit card, to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

**(3)** Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.

**Current Version**

§ 1747.08. Requiring identification information as condition of acceptance

**(a)** Except as provided in subdivision (c), no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:

**(1)** Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.

**(2)** Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

**(3)** Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.