1

WRIGHT & L'ESTRANGE

2

John H. L'Estrange, Jr. (Bar No. 049594)
jlestrange@wllawsd.com

3

401 West A Street, Suite 2250

4

San Diego, CA 92101-8103
Phone (619) 231-4844

5

Fax   (619) 231-6710

6

KELLEY DRYE & WARREN LLP

7

Donna L. Wilson (Bar No. 186984)
Marla H. Kanemitsu (Bar No. 220703)

8

Veronica D. Gray (*Pro Hac Vice*)
3050 K Street, N.W., Suite 400

9

Washington, D.C. 20007
Phone (202) 342-8400

10

Fax (202) 342-8451

11

Attorneys for Defendant

12

LERNER NEW YORK, INC.

13

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

15

16

LESLIE JOHNSON, on behalf of

17

herself and all others similarly
situated,

CASE NO.: 08-cv-766-LAB-NLS

18

19

        Plaintiff,

**DEFENDANT'S REQUEST FOR**

20

    v.

**JUDICIAL NOTICE IN SUPPORT OF**
**MEMORANDUM IN SUPPORT OF**

21

LERNER NEW YORK, a Delaware

**DISMISSAL OF COUNT I OR, IN THE**
**ALTERNATIVE, STRIKING OF THE**

22

Corporation; and DOES 1 through
50, inclusive,

**CLASS ALLEGATIONS**

23

24

        Defendants.

Date:      September 8, 2008

25

Time:      12:00 noon
Courtroom: 9

26

27

28

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

CASE NO. 3:08-cv-00766-LAB-NLS
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MEMORANDUM IN SUPPORT OF DISMISSAL OF COUNT I
OR, IN THE ALTERNATIVE, STRIKING OF THE CLASS ALLEGATIONS

1    Defendant Lerner New York, Inc. ("Lerner"), in support of its

2  Memorandum of Points and Authorities in Support of Dismissal of Count I or, in the

3

4  Alternative, Striking the Class Allegations, hereby respectfully requests that the Court

5  take judicial notice of the following documents and the facts contained therein

6  pursuant to Federal Rule of Evidence 201:

7

8  Exhibit A:  Cal. Assem. Comm. on Fin. & Ins. Report on AB 2920,          Page 1
                May 8, 1990.

9

10 Exhibit B:  Cal. Assem. Bill No. 2920 (1989-1990 Reg. Sess.).           Page 4

11 Exhibit C:  Cal. Senate Comm. on Judiciary Report on AB 1477,          Page 6
                July 16, 1991.

12

13 Exhibit D:  Cal. Assem. Comm. on Fin. & Ins. Report on AB 1477,        Page 11
                May 21, 1991.

14

15 Exhibit E:  Cal. Leg. Counsel Op. No. 0609901,                        Page 15
                Retail Sales: Return Policies.

16

17 Exhibit F:  Cal. Legis. Counsel's Digest, AB 1316, Ch. 458,           Page 23
                Sept. 5, 1995.

18

19                              Respectfully submitted,

20 **DATED:** August 11, 2008          KELLEY DRYE & WARREN LLP

21                                      and

22                              WRIGHT & L'ESTRANGE

23                              Attorneys for Defendant

24                              LERNER NEW YORK, INC.

25

26                              By: /s/ John L'Estrange, Jr.
                                 John H. L'Estrange, Jr.
27                                 jlestrange@wllawsd.com

28

# EXHIBIT A

Property of
ASSEMBLY REPUBLICAN CAUCUS
LIBRARY

AB 2920

Date of Hearing:   May 8, 1990

### ASSEMBLY COMMITTEE ON FINANCE AND INSURANCE
Patrick Johnston, Chair

AB 2920 (Areias) – As Amended: March 19, 1990

SUBJECT:   Credit Cards:  Merchants, and other persons, requiring customer
information on credit card slips.

DIGEST

Existing law does not authorize or forbid a merchant, or other person,
requiring a customer to provide a telephone number or other information on a
transaction form as a prerequisite for use of a credit card as payment for a
transaction.

This bill:

1) Prohibits a person who accepts a credit card as payment for transaction
from:

   a) Requiring a cardholder to write personal identification information on
   the credit card form as a condition of accepting the credit card for
   payment.

   b) Requiring a cardholder to provide personal identification information,
   which the person accepting the card writes on the credit card form, as
   a condition of accepting the credit card for payment.

   c) Using a credit card form with preprinted spaces for cardholder
   personal identification information.

2) Defines "personal identification information" to mean information about
the cardholder which does not appear on the credit card, such as the
cardholder's telephone number and address.

3) Exempts from the prohibitions information about a cardholder required for
a special purpose, such as for the shipment, delivery, installation of
merchandise, or for special orders.

4) Provides a civil penalty of $250 for the first violation and $1,000 for
subsequent violations.  Authorizes the Attorney General, a district
attorney or city attorney to bring an action to collect the penalty.  A
civil penalty will not be assessed if the defendant shows that the
violation was unintentional and was the result of good faith error despite
procedures adopted to avoid such an error.

– continued –

5) Authorizes the Attorney General, a district attorney or city attorney to bring an action to enjoin violations. A court may enjoin further violations without requiring proof that any person has been damaged by a violation, and may direct the defendant to pay the costs of the Attorney General, district attorney or city attorney in seeking an injunction.

FISCAL EFFECT

Unknown

COMMENTS

1) Purpose. The author of this bill, who is also the sponsor, reports that it is needed to protect the personal privacy of consumers who pay for transactions with credit cards. This bill will prohibit merchants, and other persons, from requiring information that merchants, banks or credit card companies do not require or need, the author states. Merchants are using credit card transaction forms which contain spaces designated for a customer's personal information, the author also states.

The author contends that some businesses compile the information provided by credit card users as customer lists or sell these lists to other merchants or to direct mail marketers.

Persons accepting credit cards as a method of payment often ask cardholders to write personal information, such as telephone numbers or addresses, on the credit card forms. The author states that the operating rules of VISA, Mastercard, and American Express do not forbid retailers from asking for personal information from consumers, but a merchant cannot refuse a sale if a customer refuses to provide the information. The amount of purchase, sales date, description of the goods or services sold, cardholder signature, merchant's information, and an authorization number, if needed, are the only pieces of information needed to process credit card transactions, according to the author.

The author states that personal information is not needed to resolve problems such as a cardholder exceeding his or her credit line, problems with products purchased, billing errors, or lost or stolen credit cards.

2) Requests for Personal Information. This bill does not forbid a merchant from requesting personal information from a credit card user, and the user voluntarily providing the information. The merchant cannot condition credit card use on the customer providing the information under this bill. Customers may be unaware of their rights under this bill, and be pressured by merchants to provide the information.

- continued -

AB 2920

3) <u>Privacy Issues</u>. Nothing in current law requires consumers, when using credit cards for payment, to provide accurate information to merchants who request additional information to accept credit cards for payment. Persons concerned about invasions of privacy or about giving out personal information to strangers can provide inaccurate information.

SPONSOR:    Author

SUPPORT:    Attorney General
            Consumer Action
            Bankcard Holders of America
            San Francisco District Attorney

OPPOSITION:  None Received

Steve Surhil
445-9160
afinins

AB 2920
Page 3

# EXHIBIT B

Assembly Bill No. 2920

## CHAPTER 999

An act to add Section 1747.8 to the Civil Code, relating to credit cards.

[Approved by Governor September 17, 1990. Filed with Secretary of State September 18, 1990.]

### LEGISLATIVE COUNSEL'S DIGEST

AB 2920, Areias.    Credit cards.

Existing law does not prohibit persons who accept credit cards in business transactions from requiring, as a condition of accepting a credit card, that the cardholder write or provide personal identification information for notation on the credit card transaction form or otherwise. Existing law does not prohibit the utilization of credit card forms with preprinted spaces for filling in personal identification information.

This bill would enact these prohibitions, but would provide that the prohibitions do not apply to cash advance transactions, or to personal identification information, or to forms with preprinted spaces for personal identification information that the person, firm, partnership, association, or corporation accepting the credit card is contractually obligated to provide in order to complete the credit card transaction or that is required for any other special purpose incidental but related to the credit card purchase.    The bill would make violators subject to a civil penalty of up to $250 for a first violation and $1,000 for subsequent violations. However, no civil penalty would be assessable under the bill if the defendant shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error made notwithstanding the defendant's maintenance of procedures reasonably adopted to avoid the error. The civil penalties would be assessed and collected in civil actions brought by the person paying with a credit card, by the Attorney General, or by district attorneys and city attorneys. The civil penalties would be payable, as appropriate, to the person paying with a credit card who brought the action, or to the general fund of whatever governmental entity brought the action. The bill would also authorize the Attorney General, district attorneys, and city attorneys to obtain injunctive relief, as specified.

*The people of the State of California do enact as follows:*

SECTION 1.   Section 1747.8 is added to the Civil Code, to read:
1747.8.   (a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit

Ch. 999

— 2 —

cards for the transaction of business shall do any of the following:

(1) Require the cardholder, as a condition to accepting the credit card, to write any personal identification information upon the credit card transaction form or otherwise.

(2) Require the cardholder, as a condition to accepting the credit card, to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

(3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.

(b) For purposes of this section, "personal identification information," means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number.

(c) Subdivision (a) does not apply to cash advance transactions, or to personal identification information, or forms with preprinted spaces for personal identification information that the person, firm, partnership, association, or corporation accepting the credit card is contractually obligated to provide in order to complete the credit card transaction, or is required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise or for special orders.

(d) Any person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action brought by the person paying with a credit card, or by the Attorney General, or by the district attorney or city attorney of the county or city in which the violation occurred. However, no civil penalty shall be assessed for a violation of this section if the defendant shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error made notwithstanding the defendant's maintenance of procedures reasonably adopted to avoid such an error. When collected, the civil penalty shall be payable, as appropriate, to the person paying with a credit card who brought the action, or to the general fund of whichever governmental entity brought the action to assess the civil penalty.

(e) The Attorney General, or any district attorney or city attorney within his or her respective jurisdiction, may bring an action in the superior court in the name of the people of the State of California to enjoin violation of subdivision (a) and, upon notice to the defendant of not less than five days, to temporarily restrain and enjoin the violation. If it appears to the satisfaction of the court that the defendant has, in fact, violated subdivision (a), the court may issue an injunction restraining further violations, without requiring proof

Ch. 999

— 3 —

that any person has been damaged by the violation. In these proceedings, if the court finds that the defendant has violated subdivision (a), the court may direct the defendant to pay any or all costs incurred by the Attorney General, district attorney, or city attorney in seeking or obtaining injunctive relief pursuant to this subdivision.

(f) Actions for collection of civil penalties under subdivision (d) and for injunctive relief under subdivision (e) may be consolidated.

# EXHIBIT C

SENATE COMMITTEE ON JUDICIARY
Bill Lockyer, Chairman
1991-92 Regular Session

A
B

1
4
7
7

AB 1477 (Areias)
As Amended July 10
Hearing date: July 16, 1991
Civil Code
ART/mba

CREDIT CARDS AND NEGOTIABLE INSTRUMENTS:   IDENTIFICATION

HISTORY

Source:  Author

Prior Legislation:  AB 2880 (1990); Chaptered
                    AB 2920 (1990); Chaptered

Support:  California Retailers Association; California Public
          Interest Research Group; San Francisco District
          Attorney's Office; Consumers Union; Consumer Action;
          California Bankers Association

Opposition:  No Known

Assembly Floor vote:  Ayes 73 - Noes 0

KEY ISSUE

SHOULD CLEAN-UP AND CLARIFYING CHANGES BE MADE TO AB 2880 AND AB
2920 BOTH CHAPTERED IN STATUTES OF 1990 PERTAINING TO CREDIT CARD
AND NEGOTIABLE INSTRUMENTS?

PURPOSE

A.  Negotiable Instruments

    Existing law, effective January 1, 1991, prohibits any person
    who accepts a check as payment for goods or services from:

    (a) requiring a credit card as a condition of accepting the
        check, for identification or any other purpose;

                                                    (More)

AB 1477 (Areias)
Page 2

(b) requiring the purchaser to sign an agreement allowing his
or her credit card to be charged should the check be
returned;

(c) recording a credit card number in connection with any part
of the transaction;

(d) contacting a credit card issuer to determine if the amount
of credit available to the purchaser will cover the amount
of the check.

Existing law does not prohibit any person accepting a check for
goods or services from:

(a) requiring reasonable forms of identification, other than a
credit card (i.e., driver's license, identification card,
etc.);

(b) requesting a purchaser to display a credit card as an
indication of credit worthiness or financial responsibility
or as additional information, but only allows the recording
of the type, issuer or expiration date of the credit card
displayed;

(c) requesting, receiving or recording a credit card number in
lieu of a deposit to secure payment in event of default,
loss, damage or other occurrence.

Existing law provides that no person is required to accept a
check whether or not a credit card is presented.

This bill would limit the prohibitions against requiring credit
card information as a condition of accepting checks to <u>retail
sales</u> transactions.

It would modify existing law by providing that a person taking
the check may "request, <u>but not require</u>, a purchaser to
<u>voluntarily</u> display a credit card as an indication of
creditworthiness or financial responsibility, or as an
additional identification..." (change is underlined).

This bill would also change change current law with respect to
allowing persons to request and/or record a credit card number
as a condition for cashing a check, as follows:

(a) deletes language stating that the person must have an
agreement with the credit card issuer to cash checks; the
issuer must have agreed to guarantee cardholder checks
cashed by that person and the person has authorized use of
his or her card number for this purpose; and

(More)

AB 1477 (Areias)
Page 3

(b) allows a request, or recording of a credit card number as a
    condition for cashing a check if the check is used solely
    to receive cash back.

Furthermore, it clarifies that persons accepting checks may
request, verify or record the purchaser's name, address and
telephone number.

Finally, it allows the requesting or recording of a credit card
number on a check used to make a payment on that credit card
account.

B.  Credit Card Transactions

Existing law, also effective January 1, 1991 prohibits persons
who accept credit cards for the transaction of business from:

(a) requiring the cardholder, as a condition to accepting the
    card, to write down or otherwise provide personal
    identification (i.e., address and telephone number) for
    recording on the transaction form or elsewhere.

(b) Using a credit card form with preprinted spaces designed
    for filling in personal identification information about
    the cardholder.

Existing law exempts from the credit card transaction
prohibitions information about a cardholder required for a
special purpose (e.g., for shipping, delivery or servicing of
merchandise). In addition, the prohibitions would not apply to
cash advance transactions or to personal identification
information that is required by the card issuer.

Existing law also provides that any person who violates the
above provisions is subject to a civil penalty up to $250 for a
first violation and up to $1,000 for subsequent violations.
The penalty is to be assessed and collected in a civil action
brought by the person paying with a check, the Attorney General
or the district or city attorney of the jurisdiction where the
violation occurred. No penalty may be assessed if the
defendant shows that the violation was unintentional and was
the result of a good faith error despite procedures adopted to
avoid such an error.

Furthermore, the Attorney General, district or city attorney
are authorized to bring an action to enjoin violations. The
court may issue an injunction restraining further violations
without requiring proof that any person has been damaged.
Actions for collection of civil penalties and for injunctive
relief may be consolidated.

(More)

AB 1477 (Areias)
Page 4

This bill would clarify that persons may neither require nor request, as a condition to accepting the credit card, the taking or recording of personal identification information from the cardholder. (Current law states such information may not be required, but does not prohibit requesting such information.)

It would further clarify that personal identification information can be recorded when the credit card is being used as a deposit to secure payment in the event of default, loss, damage or other similar occurrence.

The purpose of this bill is to make minor, technical and clarifying changes to AB 2880 and AB 2920 pertaining to credit cards and check writing.

COMMENTS

1. Background

Last session, the Legislature passed and the Governor signed two bills: AB 2880 and AB 2920. Both of these bills became effective January 1, 1991.

AB 2880, as chaptered, prohibits, with some limited exceptions, any person that accepts a check as payment for goods or services from, among other things, requiring as a condition of acceptance that the person paying with the check provide a credit card as a means of identification and from recording the credit card number.

AB 2920 as chaptered prohibits any person, firm, partnership, association, or corporation which accepts credit cards, from requiring as a condition of acceptance of a credit card, that the cardholder write or provide personal identification information for notation on the credit card transaction.

The purpose of those measures is to protect consumer privacy and prevent fraud.

2. Stated need for legislation

According to the author's office, this subsequent bill is intended to provide "clean-up" and clarifying changes to AB 2880 and AB 2920.

3. Ambiguity created with new provisions

This bill would allow a retailer to "request", but not require, a purchaser to voluntarily display a credit card "as an indication of financial responsibility." Arguably, unless the

AB 1477 (Areias)
Page 5

consumer has been informed that he or she is under no
obligation to display a credit card, how will they know that
the information is <u>requested</u> as opposed to <u>required</u>.

One solution would be to require the merchants to post a sign
indicating that displaying a credit card is optional and not a
requirement of check writing.

4.    <u>Urgency clause</u>

This bill includes an urgency clause, thus this legislation
will go into effect immediately.   The facts constituting the
necessity of an urgency are:

It is imperative to provide clarification as to the
intent of existing California law, to allow
retailers to be able to effectively comply with the
law's provisions and avoid undue civil penalties.
It is therefore necessary that this act take effect
immediately.

**********

# EXHIBIT D

AB 1477

Date of Hearing: May 21, 1991

ASSEMBLY COMMITTEE ON BANKING, FINANCE AND
PUBLIC INDEBTEDNESS

Steve Peace, Chair

**OFFICE COPY
DO NOT REMOVE**

AB 1477 (Areias) - As Amended:  May 15, 1991

SUBJECT

Credit card and negotiable instrument transactions:  requests for personal
information and identification.

DIGEST

Urgency statute.  2/3 vote required.

Existing law, effective January 1, 1991:

NEGOTIABLE INSTRUMENTS

1) Prohibits any person who accepts a check as payment for goods or services
from:

   a) Requiring a credit card as a condition of accepting the check, for
   identification or for any other purpose;

   b) Requiring the purchaser to sign an agreement allowing his or her
   credit card to be charged should the check be returned.

   c) Recording a credit card number in connection with any part of the
   transaction.

   d) Contacting a credit card issuer to determine if the amount of credit
   available to the purchaser will cover the amount of the check.

2) Does not prohibit any person accepting a check for goods or services from:

   a) Requiring reasonable forms of identification, other than a credit
   card (i.e., driver's license, identification card, etc.).

   b) Requesting a purchaser to display a credit card as an indication of
   credit worthiness or financial responsibility or as additional
   information, but only allows the recording of the type, issuer or
   expiration date of the credit card displayed.

- continued -

AB 1477
Page 1

Ex. D  Pg. 11

AB 1477

c)  Requesting, receiving or recording a credit card number in lieu of a
    deposit to secure payment in event of default, loss, damage or other
    occurrence.

3)  States that no person is required to accept a check whether or not a
    credit card is presented.

CREDIT CARDS

4)  Prohibits persons who accept credit cards for the transaction of business
    from:

    a)  requiring the cardholder, as a condition to accepting the card, to
        write down or otherwise provide personal identification (i.e.,
        address and telephone number) for recording on the transaction form
        or elsewhere.

    b)  Using a credit card form with preprinted spaces designed for filling
        in personal identification information about the cardholder.

5)  Exempts from the credit card transaction prohibitions information about a
    cardholder required for a special purpose (e.g., for shipping, delivery or
    servicing of merchandise).  In addition, the prohibitions would not apply
    to cash advance transactions or to personal identification information
    that is required by the card issuer.

6)  Provides that any person who violates the above provisions is subject to a
    civil penalty up to $250 for a first violation and up to $1,000 for
    subsequent violations.  The penalty is to be assessed and collected in a
    civil action brought by the person paying with a check, the Attorney
    General or the district or city attorney of the jurisdiction where the
    violation occurred.  No penalty may be assessed if the defendant shows
    that the violation was unintentional and was the result of a good faith
    error despite procedures adopted to avoid such an error.

7)  Authorizes the Attorney General, district or city attorney to bring an
    action to enjoin violations.  The court may issue an injunction
    restraining further violations without requiring proof that any person has
    been damaged.  Actions for collection of civil penalties and for
    injunctive relief may be consolidated.

This bill:

NEGOTIABLE INSTRUMENTS

1)  Limits the prohibitions against requiring credit card information as a
    condition of accepting checks to retail sales transactions.

- continued -

AB 1477
Page 2

Ex. D  Pg. 12

2)  Modifies existing law by providing that a person taking the check may "request, but not require, a purchaser to voluntarily display a credit card as an indicia of creditworthiness or financial responsibility, or as an additional identification..." (change is underlined).

3)  Changes current law with respect to allowing persons to request and/or record a credit card number as a condition for cashing a check, as follows:

    a)  deletes language stating that the person must have an agreement with the credit card issuer to cash checks; the issuer must have agreed to guarantee cardholder checks cashed by that person and the person has authorized use of his or her card number for this purpose; and

    b)  disallows the requesting or recording of a credit card number as a condition for cashing a check if the check is being used both to pay for goods or services and to receive cash back.

4)  Clarifies that persons accepting checks may request, verify or record the purchaser's name, address and telephone number.

5)  Allows the requesting or recording of a credit card number on a check used to make a payment on that credit card account.

### CREDIT CARD TRANSACTIONS

6)  With regard to credit card transactions, clarifies that persons may neither require nor request, as a condition to accepting the credit card, the taking or recording of personal identification information from the cardholder. (Current law states such information may not be required, but does not prohibit requesting such information.)

7)  Clarifies that personal identification information can be recorded when the credit card is being used as a deposit to secure payment in the event of default, loss, damage or other similar occurrence.

8)  Makes minor, technical and clarifying changes.

### FISCAL EFFECT

No state costs; unknown income from penalties.

### COMMENTS

1)  This bill is intended to provide "clean up" and clarifying changes to AB 2880 (Areias) - Chapter 637, Statutes of 1990 and AB 2920 (Areias) - Chapter 999, Statutes of 1990. Generally, AB 2880 prohibits merchants

- continued -

AB 1477
Page 3

AB 1477

from writing credit card numbers on the back of checks and AB 2920 prohibits merchants from writing addresses and telephone numbers on credit card receipts. The purpose of those measures is to protect consumer privacy and prevent fraud.

2) One of the proposed amendments to current law relating to negotiable instruments transactions creates more ambiguity than it attempts to alleviate. Specifically, persons would be allowed to "request," but not require, a purchaser to voluntarily display a credit card" as an indication of financial responsibility, etc. How will the consumer know that the information is requested as opposed to required? One solution would be to require the merchants to communicate to the customer that displaying the credit card is optional and not required. Another solution would be to require posting of signs by merchants that the credit card displaying is optional and not required.

3) The bill makes a distinction between allowing retailers to request and record a credit card number for cashing a check and for buying goods and getting cash back (they can't ask for the information in the latter case.) Should this distinction be made? Furthermore, the bill is drafted with confusing double negative language; i.e., it does not prohibit requesting a credit card number for cashing a check, provided the check is not being used both to pay for goods and get cash back. This seems to cloud an already confusing rule. It may be necessary to draft the bill in a manner to be better understood by those who will be required to follow such rules.

Sponsor:  Assembly Member Areias

Support:  Consumer's Union
          Consumer Action
          San Francisco District Attorney
          California Bankers Association
          California Public Interest Research Group (CALPIRG)
          California Retailers Association

Robin Larson
327-3662
abfbi

AB 1477
Page 4

# EXHIBIT E



**LEGISLATIVE COUNSEL**
Diane F. Boyer-Vine

**CHIEF DEPUTIES**
Jeffrey A. DeLand
Daniel A. Weitzman

**PRINCIPAL DEPUTIES**
Alvin D. Gress
Michael J. Kersten
Kirk S. Louie
John T. Studebaker

Joe Ayala
Cindy M. Cardullo
Edward Neal Cohen
Ben B. Dale
Debra Zidich Gibbons
Patricia Hart Jorgensen
Michael B. Kelly
Diana G. Lim
Romulo J. Lopez
Robert A. Pratt
William K. Stark
Jeff Thom
Richard B. Weisberg

**DEPUTIES**
Paul Antilla
Santiago Avila-Gomez
Scott A. Baxter
Thomas S. Bedford
Carrie L. Brown
Ann M. Burastero
Eileen J. Bynum
Gwynnae L. Byrd
Sergio E. Carpio
William Chan
Emilio Clarez
Byron D. Damiani, Jr.
S. Christopher Dawson
Stephen G. Dehner
Linda B. Deeley
Kinna M. Ferris
Sharon R. Fisher
Lisa C. Goldkuhl
Jennifer M. Green
Kimia Hilokos Hanke
Christiane L. Haase
Amy J. Haydt
Baldev S. Heer
Thomas R. Heuer
Russell H. Holder
Obrem G. Jaffe
Mirian M. Johnston
Valerie H. Jones
Lon Ann Joseph
Thomas J. Kerbs
Michael J. Korina
Jacqueline R. Kinney
Jennifer R. Klein
Eve E. Keninger
L. Erik Lange
Felicia A. Lee
Mira A. Martin
Mariana Marin
Anthony P. Marquez
Francisco A. Martin
Changjoo R. Maruncia
Fred A. Messerer
Cecilia A. Meddelmog
William E. Maddelmog
Sheila R. Mohan
Abel Muñoz
Gerardo Partida
Mari C. Perez
Sue-Ann Peterson
Michael Finkerton
Lisa M. Plummer
Patrick Cutter Rhodes
Deborah J. Rosenberg
Michelle L. Samone
Aaron D. Silva
Jessica L. Steele
Ellen Sword
Mark Franklin Terry
Bradley N. Webb
Armin G. Vanili
Jack Zorman

**OFFICE OF LEGISLATIVE COUNSEL**
State Capitol, Suite 3021
Sacramento, California 95814

**TELEPHONE** (916) 341-8000
**FACSIMILE** (916) 341-8020
**INTERNET** www.legislativecounsel.ca.gov
**EMAIL** webmaster.mailbox@legislativecounsel.ca.gov

Legislative
Counsel
*of California*

July 20, 2006

Honorable Rebecca Cohn
Room 3160, State Capitol

### RETAIL SALES: RETURN POLICIES - #0609901

Dear Ms. Cohn:

## QUESTION

Is a retail seller prohibited from requiring the purchaser, as a condition of accepting the return of purchased merchandise valued at more than $50 and paid for by credit card, to provide the credit card and a driver's license or identification card, from which personal information is swiped and maintained in a database?

## OPINION

A retail seller is not prohibited from requiring the purchaser, as a condition of accepting the return of purchased merchandise valued at more than $50 and paid for by credit card, to provide the credit card, from which personal information is swiped and maintained in a database. Further, a retail seller is not prohibited from requiring the purchaser, under those circumstances, to provide a driver's license or identification card, from which personal information is swiped and maintained in a database, if that information is used only for purposes of reporting, investigating, or preventing fraud, abuse, or material misrepresentation.

## ANALYSIS

In order to determine whether a retail seller is prohibited from requiring, as a condition of accepting the return of purchased merchandise valued at more than $50 and paid for by credit card, the provision of a driver's license or identification card and the credit card, we turn to the

Honorable Rebecca Cohn — Request #0609901 — Page 2

statutes that govern retail sales and the use of information obtained from swiping a credit card or from a driver's license or personal identification card.

By way of background, existing law, in connection with retail return policies in this state, is limited in scope. For instance, Section 1723 of the Civil Code¹ requires every retail seller that has a policy of not providing cash or credit refunds or equal exchanges for at least seven days following a purchase of goods to conspicuously display that policy. That requirement does not apply to any other return policy and has no provision related to the collection of personal information (Sec. 1723).

With regard to obtaining personal information from a credit card, the Song-Beverly Credit Card Act of 1971 (Title 1.3 (commencing with Sec. 1747), Pt. 4, Div. 3; hereafter act) establishes standards for the issuance and use of consumer credit cards and related services.² With respect to the question presented, Section 1747.08, which is a part of that act, provides as follows:

"1747.08.    (a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:

"(1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.

"(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or

---

¹ All further section references are to the Civil Code, unless otherwise indicated.

² The act is intended to conform to the federal Truth in Lending Law Act (15 U.S.C. Sec. 1601 and following [hereafter TLL]; (Sec. 1747.01)). The TLL provides that it does not annul, alter, or affect the laws of any state relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of the TLL (15 U.S.C. Sec. 1610(a)(1)). In connection with the return of goods, Regulation Z of the TLL (12 C.F.R. 226.12) provides that if a creditor, other than a card issuer, routinely gives cash refunds to consumers paying in cash, the creditor is also required to give credit or cash refunds to consumers using credit cards, unless the creditor discloses at the time the transaction is consummated that credit or cash refunds for returns are not given (12 C.F.R. 226.12(e)(3)). Notwithstanding that provision, Regulation Z further provides that it does not require refunds for returns, nor does it prohibit refunds in kind (Ibid.). However, because nothing in the question presented would result in any different analysis or conclusion applying federal law, we do not discuss the TLL any further, but note that its provisions apply to creditors, which provisions must be complied with in the context of providing notice to a consumer if cash or credit returns are not given under specified circumstances.

Honorable Rebecca Cohn — Request #0609901 — Page 3

corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

"(3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.

"(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number.

"(c) Subdivision (a) does not apply in the following instances:

"(1) If the credit card is being used as a deposit to secure payment in the event of default, loss, damage, or other similar occurrence.

"(2) Cash advance transactions.

"(3) If the person, firm, partnership, association, or corporation accepting the credit card is contractually obligated to provide personal identification information in order to complete the credit card transaction or is obligated to collect and record the personal identification information by federal law or regulation.

"(4) If personal identification information is required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders.

"(d) This section does not prohibit any person, firm, partnership, association, or corporation from requiring the cardholder, as a condition to accepting the credit card as payment in full or in part for goods or services, to provide reasonable forms of positive identification, which may include a driver's license or a California state identification card, or where one of these is not available, another form of photo identification, provided that none of the information contained thereon is written or recorded on the credit card transaction form or otherwise. If the cardholder pays for the transaction with a credit card number and does not make the credit card available upon request to verify the number, the cardholder's driver's license number or identification card number may be recorded on the credit card transaction form or otherwise.

"(e) Any person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action brought by the person paying with a credit card, by the Attorney General, or by the district attorney or city attorney of the county or city in which the violation occurred. However, no civil penalty shall be assessed for a violation of this section if the defendant shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error made notwithstanding the defendant's maintenance of procedures reasonably adopted to avoid that error. When collected, the civil penalty shall be payable, as appropriate, to the person

Honorable Rebecca Cohn — Request #0609901 — Page 4

paying with a credit card who brought the action, or to the general fund of whichever governmental entity brought the action to assess the civil penalty." (Emphasis added.)

Thus, Section 1747.08 generally prohibits a firm, partnership, association, or corporation from requesting or requiring a cardholder, as a condition of accepting the credit card, to write personal identification information on the credit card transaction form, or to provide this information for the retailer to record on the credit card transaction form or otherwise (subd. (a), Sec. 1747.08). As defined, "personal identification information" consists of "information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number" (subd. (b), Sec. 1747.08).

The provisions of Section 1747.08 are not applicable, however, if the credit card is used as a deposit to secure payment in the event of default, loss, damage, or other similar occurrence, or for a cash advance transaction, and those provisions are not applicable when the person accepting the credit card is contractually obligated to provide personal identification information to complete the credit card transaction or if the information is required for a special purpose that is incidental, but related, to the individual credit card transaction, such as delivery or installation (subd. (c), Sec. 1747.08). Those provisions also do not prohibit a person from requiring positive forms of identification, such as a driver's license, which may contain personal information, so long as the information is not written or recorded (subd. (d), Sec. 1747.08). Further, no person subject to those provisions may use a credit card form that contains preprinted spaces specifically designated for filling in any personal identification information (para. (3), subd. (a), Sec. 1747.08).

The question presented is whether Section 1747.08 applies to the required use of a credit card in connection with the return of purchased merchandise. Specifically, the question is whether the term "accepts credit cards for the transaction of business" in subdivision (a) of Section 1747.08 includes the return of a purchase.

To ascertain the meaning of Section 1747.08 in connection to the question asked, we begin with the language in which the statute is framed (Leroy T. v. Workmen's Comp. Appeals Bd. (1974) 12 Cal.3d 434, 438; hereafter Leroy T.). Generally, in construing statutory language, the ordinary rules of grammar must be applied unless they lead to an absurd result (Home Depot, U.S.A., Inc. v. Contractors' State License Bd. (1996) 41 Cal.App.4th 1592, 1602).

For purposes of Section 1747.08, a "credit card" is defined as any card, plate, coupon book, or other single credit device existing for the purpose of being used from time to time upon presentation to obtain money, property, labor, or services on credit (subd. (a), Sec. 1747.02). A return of goods for credit does not involve obtaining money, property, labor, or services on credit.

Along those lines, the plain meaning of "transaction" is "an act, process, or instance of transacting;" "a communicative action or activity involving two parties or two things reciprocally affecting or influencing each other;" or "something that is transacted ... a business deal" (Webster's Third New International Dictionary (2002), at pp. 2425-2426). In the context of other related statutory provisions, the term "consumer credit transaction" is defined as a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from any other person primarily for personal, family, or

Honorable Rebecca Cohn — Request #0609901 — Page 5

household purposes (subd. (e), Sec. 1788.2). Thus, in a credit card context, a "transaction" would not include a return for credit, and appears to apply to an acquisition transaction.

Similarly, when taken as a whole, Section 1747.08 discusses a credit card transaction as being, or relating to, an initial purchase or transaction, not as a return of merchandise. For instance, subdivision (a) of Section 1747.08 relates to transactions, generally, and payment and credit card forms. Subdivision (c) of that section provides that subdivision (a) of that section does not apply to a credit card being used to secure payment, cash advance transactions, persons obligated to collect information related to the transaction, and when the information relates to shipping, delivery, servicing, installation, or special orders. Subdivision (d) of that section further provides an exception to subdivision (a) of that section in relation to requiring reasonable forms of identification as a condition to accepting a credit card as payment in full or in part for goods or services. Subdivision (e) of that section provides for the award of civil penalties for a violation of that section to the "person paying with a credit card." Those provisions and the term "paying" in subdivision (e) of Section 1747.08 appear to indicate that a violation of paragraphs (1) and (2) of subdivision (a) of Section 1747.08 relates to a transaction in which an item is purchased, not returned.

Accordingly, to interpret the prohibitions of Section 1747.08 to apply to transactions related to the return of goods and sales credit, which reference is not provided in that statute, would appear to be inapposite to the overall context and evident meaning of Section 1747.08, and that interpretation would run contrary to the rules of statutory construction described above (see *People v. Corey* (1978) 21 Cal.3d 738, 742; see *Florez v. Linens 'N Things, Inc.* (2003) 108 Cal.App.4th 447, 451-453).

Thus, it is our opinion that subdivision (a) of Section 1747.08 prohibits the requesting or requiring of personal information in relation to a credit card purchase, but that prohibition does not apply to the return of goods involving a return of credit to a credit card (ibid.).

Turning to the other relevant statute that pertains to obtaining personal information from a driver's license or personal identification card, Section 1798.90.1 provides as follows:

"1798.90.1.  (a) (1) Any business may swipe a driver's license or identification card issued by the Department of Motor Vehicles in any electronic device for the following purposes:

"(A) To verify age or the authenticity of the driver's license or identification card.

"(B) To comply with a legal requirement to record, retain, or transmit that information.

"(C) To transmit information to a check service company for the purpose of approving negotiable instruments, electronic funds transfers, or similar methods of payments, provided that only the name and identification number from the license or the card may be used or retained by the check service company.

"(D) To collect or disclose personal information that is required for reporting, investigating, or preventing fraud, abuse, or material misrepresentation.

07/28/2008 17:55 FAX                    REBECCA COHN                              ☒007

"[2] A business may not retain or use any of the information obtained by that electronic means for any purpose other than as provided herein.

"(b) As used in this section, 'business' means a proprietorship, partnership, corporation, or any other form of commercial enterprise.

"(c) A violation of this section constitutes a misdemeanor punishable by imprisonment in a county jail for no more than one year, or by a fine of no more than ten thousand dollars ($10,000), or by both." (Emphasis added.)

To summarize, a business, as defined, may only swipe a driver's license or identification card in an electronic device to verify age or the authenticity of the license or card, to comply with a legal requirement, to transmit information to a check service company, as specified, or to collect or disclose personal information that is required for reporting, investigating, or preventing fraud, abuse, or material misrepresentation (subd. (a), Sec. 1798.90.1). A violation of Section 1798.90.1 constitutes a misdemeanor (subd. (c), Sec. 1798.90.1).

As mentioned above, to ascertain the meaning of a statute, we begin with the language in which that statute is framed (Leroy T., supra, at p. 438).

In this case, you have asked whether a retail seller may swipe a credit card and a driver's license or identification card and retain that information for purposes of the return of goods valued at $50 or more. Because subparagraphs (A), (B), and (C) of paragraph (1) of subdivision (a) of Section 1798.90.1 relate to verifying age or authenticity, complying with legal requirements, and check service companies, all unrelated to the underlying facts of the question asked, we turn only to subparagraph (D) of paragraph (1) of subdivision (a) of Section 1798.90.1.

That subparagraph, read together with paragraph (2) of subdivision (a) of Section 1798.90.1, provides that a business may retain or use any information obtained from the swiping of a driver's license or identification card for purposes of collecting or disclosing personal information that is required for reporting, investigating, or preventing fraud, abuse, or material misrepresentation.

Accordingly, a retail seller may swipe a driver's license or identification card only if the collection of that information is for the purpose of reporting, investigating, or preventing fraud, abuse, or material misrepresentation. For purposes of interpretation, the term "fraud" means "an instance or an act of trickery or deceit esp[ecially] when involving misrepresentation: an act of deluding: delusion" (Webster's Third New International Dictionary (2002), at p. 904). The term "abuse" means "to cause to believe the false: lead into error: deceive" (Id., at p. 8). The term "material" means "being of real importance or great consequence: substantial" (Id., at p. 1392). The term "misrepresentation" means "an untrue, incorrect, or misleading representation" (Id., at p. 1445). Lastly, the term "prevent," one of the more relevant terms in the context of the question asked, means "to anticipate ... by preparation or action: be in readiness for" and "to keep from happening or existing esp[ecially] by precautionary measures: hinder the progress, appearance, or fulfillment of ..." (Id., at p. 1798).

Thus, based on the plain meaning, a retail seller that, as part of its return policy, swipes a driver's license or other identification card to collect that information to hinder the progress of an act of trickery or deceit, deception, or a misleading representation, such as return fraud or abuse,

would not be in violation of Section 1798.90.1.[3] If a retail seller acts outside the scope of that authority, however, such as using that information for marketing purposes or sales to a third party, the retail seller may be subject to a misdemeanor prosecution (subd. (c), Sec. 1798.90.1).

In addition, a retail seller that collects and retains personal information is subject to the requirements of Title 1.81 (commencing with Sec. 1798.80) of Part 4 of Division 3, which, among other things, require a business to take all reasonable steps to destroy, or arrange for the destruction of, a customer's records within its custody or control containing personal information that is no longer to be retained by the business (Sec. 1798.81), to implement and maintain reasonable security procedures and practices appropriate to the nature of the information, and protect that information from unauthorized access, destruction, use, modification, or disclosure (subd. (b), Sec. 1798.81.5), and to disclose any breach of the security of its system (subd. (a), Sec. 1798.82). A violation of those provisions is subject to, among other things, civil penalties (Sec. 1798.84).

Therefore, it is our opinion that a retail seller is not prohibited from requiring the purchaser, as a condition of accepting the return of purchased merchandise valued at more than $50 and paid for by credit card, to provide the credit card from which personal information is swiped and maintained in a database. Further, a retail seller is not prohibited from requiring the purchaser, under those circumstances, to provide a driver's license or identification card, from

---

[3] Examples of return fraud and abuse include, but are not limited to, serial returning in excess of a store-set return limit, the return of stolen or used merchandise that would not qualify for a refund, and wardrobing, where consumers return already worn clothing (see Chandler, *Retailers reconsider return policies*, S.J. Merc. News (Mar. 10, 2005); Tanaka, *Some retailers requiring photo ID for returns*, Phil. Inq. (Dec. 18, 2004); Woller and Naim, *Returns: Many if not happy*, J. News (Dec. 27, 2004), p. 1A).

Honorable Rebecca Cohn — Request #0609901 — Page 8

which personal information is swiped and maintained in a database, if that information is used only for purposes of reporting, investigating, or preventing fraud, abuse, or material misrepresentation.

Very truly yours,

Diane F. Boyer-Vine
Legislative Counsel

By *Lisa Plummer*

Lisa M. Plummer
Deputy Legislative Counsel

LMP:dil

# EXHIBIT F

Westlaw.

CA LEGIS 458 (1995)                                                Page 1
1995 Cal. Legis. Serv. Ch. 458 (A.B. 1316) (WEST)
(Publication page references are not available for this document.)

CALIFORNIA 1995 LEGISLATIVE SERVICE
1995 Portion of 1995-96 Regular Session

Copr. © West 1995.  All rights reserved.

Additions are indicated by <<+ Text +>>; deletions by
<<- Text ->>.  Changes in tables are made but not highlighted.

CHAPTER 458
A.B. No. 1316
CONSUMER LAW--SALES TRANSACTIONS--FORMS OF IDENTIFICATION

AN ACT to amend Sections 1725 and 1747.8 of the Civil Code, relating to consumer
protection.

[Approved by Governor September 2, 1995.]

[Filed with Secretary of State September 5, 1995.]

LEGISLATIVE COUNSEL'S DIGEST

AB 1316, Bustamante. Consumer protection.

(1) Existing law prohibits, with certain exceptions, any person accepting a ne-
gotiable instrument as payment for goods or services sold or leased at retail
from, among other things, requiring as a condition of acceptance that the person
paying with the negotiable instrument provide a credit card as a means of identi-
fication and from recording the credit card number.  Existing law, however, per-
mits the retailer to require a purchaser to produce other reasonable forms of
identification, which may include a driver's license or a California state identi-
fication card, as a condition of acceptance of the negotiable instrument.

This bill would provide that where one of these forms of identification is not
available, this identification may include another form of photo identification.

(2) Existing law prohibits, with certain exceptions, any person, firm, partner-
ship, association, or corporation, which accepts credit cards, from requesting or
requiring and recording personal identification information concerning the card-
holder, as specified, as a condition of acceptance of a credit card.  Existing
law, however, permits the person, firm, partnership, association, or corporation
to require a purchaser to produce other reasonable forms of identification, which
may include a driver's license or a California state identification card, as a
condition of acceptance of the credit card.

CA LEGIS 458 (1995)                                                    Page 2
1995 Cal. Legis. Serv. Ch. 458 (A.B. 1316) (WEST)
(Publication page references are not available for this document.)

This bill would provide that where one of these forms of identification is not available, this identification may include another form of photo identification. The bill would authorize the recordation of a cardholder's driver's license or identification card number where the cardholder pays with a credit card number and does not make the credit card available upon request to verify the number. The bill would exempt the person, firm, partnership, association, or corporation from the prohibition described above if obligated to collect and record the personal identification information by federal law or regulation.

The bill would specifically provide that these changes would only apply to credit card transactions entered into on and after January 1, 1996.

The people of the State of California do enact as follows:

SECTION 1. Section 1725 of the Civil Code is amended to read:

<< CA CIVIL § 1725 >>

1725. (a) Unless permitted under subdivision (c), no person accepting a negotiable instrument as payment in full or in part for goods or services sold or leased at retail shall do any of the following:

(1) Require the person paying with a negotiable instrument to provide a credit card as a condition of acceptance of the negotiable instrument, or record the number of the credit card.

(2) Require, as a condition of acceptance of the negotiable instrument, or cause the person paying with a negotiable instrument to sign a statement agreeing to allow his or her credit card to be charged to cover the negotiable instrument if returned as no good.

(3) Record a credit card number in connection with any part of the transaction described in this subdivision.

(4) Contact a credit card issuer to determine if the amount of any credit available to the person paying with a negotiable instrument will cover the amount of the negotiable instrument.

(b) For the purposes of this section, the following terms have the following meanings:

(1) "Check guarantee card" means a card issued by a financial institution, evidencing an agreement under which the financial institution will not dishonor a check drawn upon itself, under the terms and conditions of the agreement.

(2) "Credit card" has the meaning specified in Section 1747.02, and does not include a check guarantee card or a card that is both a credit card and a check

Copr. © West 2008 No Claim to Orig. Govt. Works

Ex. F Pg. 24

CA LEGIS 458 (1995)                                                           Page 3

1995 Cal. Legis. Serv. Ch. 458 (A.B. 1316) (WEST)
(Publication page references are not available for this document.)

guarantee card.

(3) "Negotiable instrument" has the meaning specified in Section 3104 of the Commercial Code.

(4) "Retail" means a transaction involving the sale or lease of goods or services or both, between an individual, corporation, or other entity regularly engaged in business and a consumer, for use by the consumer and not for resale.

(c) This section does not prohibit any person from doing any of the following:

(1) Requiring the production of reasonable forms of positive identification, other than a credit card, which may include a driver's license or a California state identification card, <<+or where one of these is not available, another form of photo identification,+>> as a condition of acceptance of a negotiable instrument.

(2) Requesting, but not requiring, a purchaser to voluntarily display a credit card as an indicia of creditworthiness or financial responsibility, or as an additional identification, provided the only information concerning the credit card which is recorded is the type of credit card displayed, the issuer of the card, and the expiration date of the card. All retailers that request the display of a credit card pursuant to this paragraph shall inform the customer, by either of the following methods, that displaying the credit card is not a requirement for check writing:

(A) By posting the following notice in a conspicuous location in the unobstructed view of the public within the premises where the check is being written, clearly and legibly:  "Check writing ID:  credit card may be requested but not required for purchases."

(B) By training and requiring the sales clerks or retail employees requesting the credit card to inform all check writing customers that they are not required to display a credit card to write a check.

(3) Requesting production of, or recording, a credit card number as a condition for cashing a negotiable instrument that is being used solely to receive cash back from the person.

(4) Requesting, receiving, or recording a credit card number in lieu of requiring a deposit to secure payment in event of default, loss, damage, or other occurrence.

(5) Requiring, verifying, and recording the purchaser's name, address, and telephone number.

(6) Requesting or recording a credit card number on a negotiable instrument used to make a payment on that credit card account.

Copr. © West 2008 No Claim to Orig. Govt. Works

CA LEGIS 458 (1995)                                                      Page 4

1995 Cal. Legis. Serv. Ch. 458 (A.B. 1316) (WEST)

(Publication page references are not available for this document.)

(d) This section does not require acceptance of a negotiable instrument whether or not a credit card is presented.

(e) Any person who violates this section is subject to a civil penalty not to exceed two hundred fifty dollars ($250) for a first violation, and to a civil penalty not to exceed one thousand dollars ($1,000) for a second or subsequent violation, to be assessed and collected in a civil action brought by the person paying with a negotiable instrument, by the Attorney General, or by the district attorney or city attorney of the county or city in which the violation occurred. However, no civil penalty shall be assessed for a violation of this section if the defendant shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error made notwithstanding the defendant's maintenance of procedures reasonably adopted to avoid such an error. When collected, the civil penalty shall be payable, as appropriate, to the person paying with a negotiable instrument who brought the action or to the general fund of whichever governmental entity brought the action to assess the civil penalty.

(f) The Attorney General, or any district attorney or city attorney within his or her respective jurisdiction, may bring an action in the superior court in the name of the people of the State of California to enjoin violation of subdivision (a) and, upon notice to the defendant of not less than five days, to temporarily restrain and enjoin the violation. If it appears to the satisfaction of the court that the defendant has, in fact, violated subdivision (a), the court may issue an injunction restraining further violations, without requiring proof that any person has been damaged by the violation. In these proceedings, if the court finds that the defendant has violated subdivision (a), the court may direct the defendant to pay any or all costs incurred by the Attorney General, district attorney, or city attorney in seeking or obtaining injunctive relief pursuant to this subdivision.

(g) Actions for collection of civil penalties under subdivision (e) and for injunctive relief under subdivision (f) may be consolidated.

SEC. 2. Section 1747.8 of the Civil Code is amended to read:

<< CA CIVIL § 1747.8 >>

1747.8. (a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do <<+either+>> of the following:

(1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.

(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corpor-

CA LEGIS 458 (1995)                                                    Page 5
1995 Cal. Legis. Serv. Ch. 458 (A.B. 1316) (WEST)
(Publication page references are not available for this document.)

ation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

(3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.

(b) For purposes of this section "personal identification information," means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number.

(c) Subdivision (a) does not apply in the following instances:

(1) When the credit card is being used as a deposit to secure payment in the event of default, loss, damage, or other similar occurrence.

(2) Cash advance transactions.

(3) When the person, firm, partnership, association, or corporation accepting the credit card is contractually obligated to provide personal identification information in order to complete the credit card transaction <<+or is obligated to collect and record the personal identification information by federal law or regulation+>>.

(4) When personal identification information is required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders.

(d) This section does not prohibit any person, firm, partnership, association, or corporation from requiring the cardholder, as a condition to accepting the credit card as payment in full or in part for goods or services, to provide reasonable forms of positive identification, which may include a driver's license or a California state identification card, <<+or where one of these is not available, another form of photo identification,+>> provided that none of the information contained thereon is written or recorded on the credit card transaction form or otherwise. <<+If the cardholder pays for the transaction with a credit card number and does not make the credit card available upon request to verify the number, the cardholder's driver's license number or identification card number may be recorded on the credit card transaction form or otherwise.+>>

(e) Any person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action brought by the person paying with a credit card, by the Attorney General, or by the district attorney or city attorney of the county or city in

Copr. © West 2008 No Claim to Orig. Govt. Works

Ex. F Pg. 27

CA LEGIS 458 (1995)                                                                 Page 6
1995 Cal. Legis. Serv. Ch. 458 (A.B. 1316) (WEST)
(Publication page references are not available for this document.)

which the violation occurred.  However, no civil penalty shall be assessed for a
violation of this section if the defendant shows by a preponderance of the evid-
ence that the violation was not intentional and resulted from a bona fide error
made notwithstanding the defendant's maintenance of procedures reasonably adopted
to avoid such an error.  When collected, the civil penalty shall be payable, as
appropriate, to the person paying with a credit card who brought the action, or to
the general fund of whichever governmental entity brought the action to assess the
civil penalty.

 (f) The Attorney General, or any district attorney or city attorney within his or
her respective jurisdiction, may bring an action in the superior court in the name
of the people of the State of California to enjoin violation of subdivision (a)
and, upon notice to the defendant of not less than five days, to temporarily re-
strain and enjoin the violation.  If it appears to the satisfaction of the court
that the defendant has, in fact, violated subdivision (a), the court may issue an
injunction restraining further violations, without requiring proof that any person
has been damaged by the violation.  In these proceedings, if the court finds that
the defendant has violated subdivision (a), the court may direct the defendant to
pay any or all costs incurred by the Attorney General, district attorney, or city
attorney in seeking or obtaining injunctive relief pursuant to this subdivision.

 (g) Actions for collection of civil penalties under subdivision (e) and for in-
junctive relief under subdivision (f) may be consolidated.

 <<+(h) The changes made to this section by Assembly Bill 1316 of the 1995-96 Reg-
ular Session of the Legislature apply only to credit card transactions entered in-
to on and after January 1, 1996.  Nothing in those changes shall be construed to
affect any civil action which was filed before January 1, 1996.+>>

CA LEGIS 458 (1995)

END OF DOCUMENT